[No. 10,008.]

# THE PEOPLE *v.* THOMAS WOODY.

DEFENDANT ENTITLED TO BENEFIT OF DOUBT.—If a person is killed by
a bullet fired from a pistol, and two persons each at the same time fire
loaded pistols at him, and one of the persons who fired is on trial for mur-
der, and there is no evidence of a conspiracy between the two persons who
fired, and the jury are in doubt as to which shot killed the deceased, the
defendant is entitled to the benefit of that doubt.

IDEM.—In such case, if there is a conspiracy between the two persons who
fired to commit the felony, it is immaterial whether the defendant on trial
fired the fatal shot or the other person, as both are equally guilty.

MURDER IN THE FIRST DEGREE.—The Court, on a trial for murder,
should not charge the jury that the killing being proved, the law implies
that it was willful, deliberate, and premeditated, and the defendant is guilty
of murder in the first degree, and thus ignore any evidence tending to show
mitigating or extenuating circumstances, or to show that the homicide was
justifiable or excusable.

APPEAL from the District Court of the Thirteenth Judicial
District, County of Tulare.

The facts are stated in the opinion.

*T. B. McFarland,* for Appellant.

*The Attorney General* (represented by *G. A. Blanchard*),
for Respondent.

By the COURT:

The defendant having been convicted of murder in the
first degree, has brought this appeal, and assigns as one of
the grounds of error that the Court below misdirected the
jury to his prejudice, on a material point.   In the charge to
the jury, after stating that the question to be decided was,
whether the defendant at the time and place mentioned in
the indictment maliciously and with premeditation killed

the person alleged to have been murdered, the Court proceeded to charge the jury as follows:

"This question may be resolved into three: First—Was Findley killed at the time and place stated? Having settled that question from the evidence, you will proceed to inquire: Second—Did the defendant kill Findley? In settling this question the Court instructs you, that if you are satisfied from the evidence that the defendant was present at the time of the alleged killing, and that Findley was in fact killed at the time and place stated, and that the defendant and some other person at the same time and place both fired at the deceased, and that one or both of the shots killed him, then if you are in doubt which of the shots produced the fatal result, you will answer this question in the affirmative, and say that the defendant did kill him."

It is not easy to comprehend on what theory the Court below proceeded in giving this charge. The evidence given at the trial is not brought up on this appeal, and we are therefore unable to determine whether there was any evidence tending to prove a conspiracy between the defendant and some other person to kill Findley. But whether there was or not, the charge is clearly erroneous. If there was evidence tending to show a conspiracy between the defendant and another to commit the felony, the Court should have qualified the charge by stating that *if the conspiracy was proved* and the conspirators were both present, aiding and abetting the common design, it was immaterial by which of them the fatal shot was fired. But in the absence of evidence tending to establish such a conspiracy the charge is, if possible, even more clearly indefensible. It reverses the well established rule that in cases of doubt the accused is entitled to the benefit of the doubt; and the jury is instructed that, notwithstanding they may entertain a reason-

able doubt whether the defendant fired the fatal shot, they must nevertheless convict him. Neither argument or authorities are needed to show that this proposition is untenable.

The charge then proceeds: "Having answered these questions, if you answer them in the affirmative, you will then determine the last question: 'Was the killing of Findley willful, deliberate, and premeditated?' All this is implied by the law, provided the killing is satisfactorily shown. Undoubtedly if these three questions are decided by you in the affirmative, then the defendant is guilty of murder in the first degree."

This portion of the charge wholly ignores any mitigating or extenuating circumstances which may have been proved, tending to reduce the grade of the offense to murder in the second degree or manslaughter, or to show that the homicide was justifiable or excusable. The substance of that portion of the charge which we have quoted is that if the defendant and another person each fired upon Findley at the same moment, and the jury is doubtful which of the two shots proved fatal, they must infer it was the shot fired by the defendant; and as the law implies that the killing was willful, deliberate, and premeditated, the jury should convict the defendant of murder in the first degree. These propositions are so obviously untenable that it is useless to discuss them further.

Judgment reversed, and cause remanded for a new trial.