HENRY TOLBERT v. THE STATE.

No. 5576. Decided December 17, 1919.

Transporting Intoxicating Liquors—Statutes Construed.

The "term" delivery as used in the Act of the Thirty-third Legislature chapter 67, and the Acts of the Thirty-fifth Legislature, fourth called session, chapter 31, relates to the transportation of intoxicating liquors, and was not intended to embrace an act in which the owner and possessor of whisky at his home gave and delivered it to another, and the evidence in the instant case was not sufficient to support a conviction for transporting the liquor contrary to the provision of the Act in question. Following: Clifton v. State, 39 Texas Crim. Rep., 619, and other cases.

Appeal from the District Court of Polk. Tried below before the Hon. J. L. Manry, judge.

Appeal from a conviction of unlawfully transporting and delivering intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*C. M. McKinnen*, for appellant.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, JUDGE.—The indictment charged that the appellant "did unlawfully transport, carry, and deliver intoxicating liquors to another person, viz: Shelby Wilburn." It is also charged that the place to which it was carried was one in which the sale of intoxicating liquors had been prohibited by virtue of an election under the local option law.

Wilburn testified in substance that on Sunday morning he, without appointment, met appellant at the depot, and appellant asked witness to lend him his suitcase, remarking "I will bring you something." The witness testified that he had no arrangement with appellant to bring him any whisky, and was not expecting him to do so, that the subject was not mentioned; that some time previous he had rendered appellant some assistance during the sickness of appellant's wife, and the appellant said he was going to give him something, but did not indicate what it would be, nor when the gift would be made. After the train came in, in the afternoon of the day mentioned, the witness went to the home of appellant, and got his suitcase, and appellant at that time gave the witness an unsealed bottle of Four Roses whisky, stating at the time it had been in his possession for some time; that he had obtained it and two other quarts at Humble, and that the quart given the witness was

all that remained. Witness did not know where appellant went, saw no whisky in the suitcase, nor elsewhere, except at the appellant's house.

This prosecution appears to be under the amended Allison Shipping Law, Chap. 67, Acts of the Thirty-third Legislature, and Chap. 31, Acts of the Thirty-fifth Legislature, Four Called Session. Some phases of this Act were before the court in Ex parte Fulton, 215 S. W. Rep., 331. The act does not prohibit the gift of whisky by one person to another, but it prohibits its transportation and delivery. The term delivery as used in the Act, in our opinion, relates to the transportation, and was not intended to embrace an act in which the owner and possessor of whisky gave and delivered it to another. The evidence in the instant case is not, in our opinion, sufficient to support a conviction for transporting the liquor contrary to the provisions of the Act in question. There were circumstances introduced intended to show that the appellant borrowed a valise, from the witness and went some place on the train, obtained the whisky, and brought it into the prohibited district for the witness, and delivered it to him. The facts proved, however, do not show that the appellant went to any place where whisky was sold; in fact, they do not show with any degree of certainty that he went to any place, and certainly to no particular place. The State's witness said that the appellant had claimed at the time that he had had the whisky on hand for some time, that it was the remnant or remainder of a larger quantity that he had gotten from Humble at some time. There is no suggestion in the evidence that on this occasion he went to Humble, or that the train which he boarded went there. The circumstances do not exclude the reasonable theory arising from this evidence that the appellant had the whisky at his home, and gave it to his friend. None of the facts are inconsistent with this theory. He borrowed the valise from the witness, but it could have been used for innocent purposes, and the evidence is insufficient to show that it was used for any other. The most that can be said is that there are some suspicious circumstances pointing to the correctness of the State's theory. Suspicious circumstances, however, are not enough. There must be evidence overcoming the presumption of innocence, and excluding every other reasonably hypothesis except the guilt. Pogue v. State, 12 Texas Crim. App., 283; Hogan v. State, 13 Texas Crim. App., 319; Gay v. State, 42 Texas Crim. Rep., 450; Hernandez v. State, 72 S. W. Rep., 840; Clifton v. State, 39 Texas Crim. Rep., 619.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*