(November 16, 1920.)

STATE, Respondent, v. E. E. MARCOE, Appellant.

[193 Pac. 80.]

CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE.

> In order to sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

From a conviction of unlawful transportation of intoxicating liquor, defendant appeals. *Reversed.*

R. J. Dygert, for Appellant.

Where the evidence is not sufficient to justify a verdict of guilty, the supreme court will reverse the judgment of the lower court and set aside the verdict. (*State v. Sayer,* 23 Ida. 536, 130 Pac. 458.)

T. A. Walters, Former Atty. General, R. L. Black, Attorney General, and James L. Boone, Asst. Atty. General, for· Respondent, cite no authorities.

RICE, J.—The appellant was convicted of the crime of transporting intoxicating liquors in Bannock county, Idaho. The only question raised by this appeal is the sufficiency of the evidence to sustain the judgment.

Dorsey Nichols, a deputy sheriff residing at Soda Springs, testified that on the evening of the 8th of January, 1918, he went to the depot at Soda Springs and found a box in the baggage-room which contained whisky. He says: ''I thought it was Marcoe's.'' He immediately got in touch with Marcoe, and the following is his story of the conversation: ''I asked him if the box in the depot was his. He says it wasn't; that he didn't know anything about it. I told him that was all then.'' The evidence does not show how the box came to be at the depot, only that it bore a baggage check which showed that it came from Lima, Montana. The box had the appearance of a tool-chest. The appellant was a plumber, working at his trade in a hotel building at Soda Springs. Several months prior to this time he had been engaged in similar work at·Lima, Montana. The evidence shows that he had received several shipments of plumber's supplies, and usually received a shipment about once a week. On the following day the box was opened and found to contain a partition or tray constructed of lumber which had been taken from crating or supplies shipped to appellant. Upon one of the pieces of this crating was printed ''E. E. Marcoe, Soda Springs.'' It was shown that boards so marked were thrown about indiscriminately at Soda Springs, and obtainable by anyone. On the morning of January 8th, according to the testimony of the station agent, Marcoe called at the depot and told him he was expecting a box and that as soon as it arrived he wished to be notified. On the 9th the appellant again called on the station agent and asked him

if it were true that a box of liquor had been found in the depot. Upon being told that that was true, the appellant said, "If they didn't catch anybody nothing would happen." There was no evidence that appellant ever had possession of the box containing the intoxicating liquor.

The foregoing is all the testimony which had any tendency to connect appellant with the crime charged. It is sufficient to create a suspicion of the guilt of appellant. But all of the evidence introduced, tending to connect appellant with the crime, was circumstantial. In order to sustain a conviction based solely on circumstantial evidence, "the circumstances must be consistent with the guilt of the defendant and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt." (*Broshears v. State* (Okl. Crim. App.), 187 Pac. 254.)

If the evidence can be reconciled either with the theory of innocence or of guilt, the law requires that the theory of innocence be adopted. (*Vernon v. United States,* 146 Fed. 121, 76 C. C. A. 547; *People v. Ward,* 105 Cal. 335, 38 Pac. 945; *Smith v. First Nat. Bank,* 99 Mass. 605, 97 Am. Dec. 59; *State v. Vandewater* (Iowa), 176 N. W. 883; *Robinson v. State,* 188 Ind. 467, 124 N. E. 489; *Tolbert v. State* (Tex. Crim. App.), 217 S. W. 153; *Wales v. State* (Tex. Crim. App.), 217 S. W. 384.)

Applying this rule to the case at bar, it appears that the evidence is insufficient to sustain the verdict. The judgment must be reversed and a new trial ordered.

Morgan, C. J., and Budge, J., concur.