STATE, Respondent, v. WILLIAM DAWN and KELSEY MARQUESS, Appellants.

[245 Pac. 74.]

CRIMINAL LAW—CIRCUMSTANTIAL EVIDENCE—DEGREE OF PROOF NECESSARY FOR CONVICTION—UNLAWFUL POSSESSION OF LIQUOR.

1.   Any material fact in criminal prosecution may, as a rule, be established by circumstantial as well as by direct evidence, and circumstantial evidence alone will support a conviction if it produces belief of guilt beyond reasonable doubt in minds of jury.

2.   Although to sustain conviction on circumstantial evidence circumstances must be consistent with guilt and inconsistent with innocence, the evidence need not demonstrate guilt beyond possibility of innocence, and, if circumstances proved produce moral conviction to exclusion of every reasonable doubt, it need not be absolutely incompatible with innocence of accused.

3.   Circumstantial evidence *held* sufficiently inconsistent with innocence to sustain conviction for unlawful possession of liquor.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. B. S. Varian, Judge.

Publisher's Note.
1.   See 8 R. C. L. 225.

See Criminal Law, 16 C. J., sec. 1566, p. 762, n. 31, 32, 33, 34; sec. 1568, p. 764, n. 54; p. 765, n. 55, 56, 58, 59, 60.
Intoxicating Liquors, 33 C. J., sec. 505, p. 761, n. 53; p. 762, n. 61.

Conviction of the unlawful possession of intoxicating liquor. Judgment *sustained.*

George Donart, for Appellants.

Where a conviction is sought on circumstantial evidence alone the circumstances proven must be inconsistent with any rational hypothesis other than the defendant's guilt. (*Tomlinson v. State* (Okl. Cr.), 228 Pac. 608; *Hamilton v. State* (Okl. Cr.), 219 Pac. 951; *State v. Schrak,* 60 Mont. 70, 198 Pac. 137; *State v. Hurst,* 36 Ida. 156, 209 Pac. 724; *State v. Nesbit,* 4 Ida. 548, 43 Pac. 66; *State v. Marcoe,* 33 Ida. 284, 193 Pac. 80.)

A conviction cannot be founded on conjecture however shrewd, or upon probabilities however strong. (*State v. Lewis,* 70 Mont. 61, 223 Pac. 915.)

A. H. Conner, Attorney General, and John W. Cramer, Assistant Attorney General, for Respondent.

"Whether a criminal intent is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design, and where such intent is not made an ingredient of the offense, the intention with which the act is done, or the lack of any criminal intent in the premises, is immaterial." (*State v. Sterrett,* 35 Ida. 580, 207 Pac. 1071.)

The rule is that in acts *mala in se* the intent governs, and in acts *mala prohibita* the intent does not govern; and the only inquiry is: Has the law been violated? (*State v. Sheehan,* 33 Ida. 103, 190 Pac. 71; *State v. Sterrett, supra.*)

GIVENS, J.—Appellants, William Dawn and Kelsey Marquess, were convicted of the unlawful possession of intoxicating liquor.

On the morning of July 4th one Minnie McIntyre was mowing the lawn in front of her premises in Weiser, and

upon going to the curbing to empty the clippings of grass found there a large jug and two small bottles. Thereupon she called her neighbor, Mrs. Gish, and these two made some examination of the contents of the bottles disclosing the apparent presence of intoxicating liquor, after which the sheriff's office was notified. The sheriff then came to the Gish place and placed a deputy to watch the jug and bottles and in a short time a car drove past the house and evidently went around the block and upon returning stopped near the bottles, one man getting out and raising the hood of the car while the other occupant got the bottles and put them in the car, after which the sheriff arrested the occupants of the car, and took possession of the bottles.

There is but one specification of error, that being on the insufficiency of the evidence to support the verdict for the reason that there is no showing that the defendants ever had intoxicating liquor in their possession and that the defendants without any knowledge of the contents of the bottles were making an examination of their contents, without attempt to take them into their possession.

W. V. Leonard, state chemist of Idaho, testified that he took samples from the bottles exhibited and found them to contain 45.88 per cent of alcohol by volume.

[1]    There was evidence that one of the defendants had placed the jug and bottles in their automobile; they admitted that one of them had the receptacles in his hand preparatory to ascertaining the contents and that they were both curious as to what the jug and bottles contained and they had stopped for the express purpose of finding out. Thus it is clear they had manual possession of the jug and bottles and the contents; but they insist they did not know that the contents was liquor and insist that the only evidence of their knowledge of the contents is circumstantial and is not so inconsistent with innocence as to warrant a conviction.

"Any fact which becomes material in a criminal prosecution may, as a rule, be established by circumstantial as well

as by direct evidence. Circumstantial evidence is often the only means of establishing the ultimate fact of guilt; and such evidence alone will support a conviction if it produces a belief, beyond a reasonable doubt in the minds of the jury, that the accused is guilty; and the conclusion of guilt need not necessarily follow from the circumstances in proof, but may be obtained therefrom by probable deductions. The accused's evasions, denials, contradictions and falsities may be considered as links in the chain of circumstantial evidence showing his guilt. (16 C. J., sec. 1566, p. 762.)

[2] "In order to sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the accused and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt. (*State v. Marcoe,* 33 Ida. 284, 193 Pac. 80.) However, this rule operates only on the facts found by the jury and not on mere items of evidence adduced; and only those facts essential to a conviction need be incompatible with any reasonable hypothesis of innocence. The evidence need not demonstrate the guilt of the defendant beyond the possibility of his innocence; and if the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt, they need not be absolutely incompatible, on any reasonable hypothesis, with the innocence of accused. That is, if all the material circumstances in evidence point to guilt—in other words, if they are inexplicable on the theory of innocence—a conviction is warranted. (16 C. J., sec. 1568, p. 763.)" (*State v. Mc-Lennan,* 40 Ida. 286, 231 Pac. 718.)

[3] The evidence though in part conflicting, in regard to the position of the receptacles and their being hidden from view, the actions of the defendants before and furtive manner when they stopped and picked up the bottles and jug, the evasive answers of defendants with regard to whether they had said anything about moonshine in connection with the bottles at the time of their arrest, and the admission that they wanted to see what was in the bottles, when considered in connection with the conclusive character

of the evidence, that they were looking for moonshine when they got the bottles, and the other attendant circumstances, when considered all together, are sufficiently inconsistent with innocence to satisfy the rule above quoted.

The judgment is sustained.

William A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.