## STATE, Respondent, v. E. H. HEALEY, Appellant.

### [260 Pac. 694.]

CRIMINAL LAW—REFUSED REQUESTED INSTRUCTION—JURY—VOIR DIRE
EXAMINATION—NO ERROR IN TAKING EXHIBITS TO JURY-ROOM—
STATE CHEMIST QUALIFIED AS EXPERT—EXHIBIT "B" NOT SUFFI-
CIENTLY IDENTIFIED—OTHER EXHIBITS HELD ADMISSIBLE—CIRCUM-
STANTIAL EVIDENCE—NO ERROR IN GIVING INSTRUCTION DEFINING
SAME—DEFENDANT'S RIGHTS PREJUDICED.

1. Law, presented by refused requested instruction, that, where
the evidence can be reconciled either with theory of innocence
or of guilt, the law requires adoption of theory of innocence, *held*
covered by correct instruction given, so that refusal was not
prejudicial.

2. Questions by court, with illustrations, on *voir dire* ex-
amination, to ascertain whether juror understood questions by
counsel as to circumstantial evidence, and intended to state
that he would never convict on circumstantial evidence, *held*
proper.

3. In view of C. S., sec. 8978, permitting exhibits, not
depositions, introduced in evidence, to be taken into jury-room
during jury's deliberations, *held* not error.

4. State chemist, who had 15 years' experience as chemist
in the state and had made analysis of contents of bottle, *held*
qualified to testify that same was strychnine.

5. Evidence on prosecution for placing strychnine in food of
complaining witness *held* not to sufficiently identify bottle and
its contents, analyzed by chemist, as that found by complaining
witness in his tent and by him placed in a bottle, to warrant its
admission in evidence.

6. On prosecution, under C. S., sec. 8326, for placing strychnine
in food of another with intent that it be taken by the other
to his injury, druggist having testified that on certain day
he sold strychnine to a person who resembled the defendant
in age and stature, and who signed his name, "J. Alen," the
druggist's poison register, showing purchase on that day by
one signing as "J. Alen," was admissible, there having already
been admitted an exemplar of defendant's handwriting of the
name "J. Alen."

7. Giving instruction defining circumstantial evidence and stating when it is sufficient and demands conviction, *held* not erroneous.

8. The evidence on prosecution for poisoning food being entirely circumstantial, erroneous admission of analysis of substance as poison, without sufficiently connecting it with that *found in tent of complaining witness, held* prejudicial, depriving defendant of a fair trial.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Appellant was convicted of the crime of mingling poison with food with intent that the same should be taken by a human being to his injury. Judgment of conviction. *Reversed and new trial ordered.*

Ernest Anderson and T. A. Walters, for Appellant.

The evidence was entirely circumstantial, and it was error for the court to refuse to give defendant's requested instruction to the effect that if the evidence could be reconciled either with the theory of innocence or of guilt, the law requires that the theory be adopted. (*State v. Hurst,* 36 Ida. 156, 209 Pac. 724; *State v. Marcoe,* 33 Ida. 284, 193 Pac. 80.)

The remarks of the court on the *voir dire* examination of the jury, as to the weight and effect of circumstantial evidence, was prejudicial, and had the same effect as though it were given in the court's formal instructions at the conclusion of the case. (*State v. Harkin,* 7 Nev. 377; *State v.*

Publisher's Note.

4. See 11 R. C. L., Expert and Opinion Evidence, sec. 8.

See Criminal Law, 16 C. J., sec. 1221, p. 617, n. 8, 11; sec. 1222, p. 618, n. 17; sec. 1532, p. 748, n. 50; sec. 1552, p. 755, n. 97; sec. 1568, p. 764, n. 54; sec. 2434, p. 1010, n. 14; sec. 2436, p. 1011, n. 25, p. 1012, n. 26; sec. 2506, p. 1063, n. 85; sec. 2543, p. 1083, n. 43; sec. 2547, p. 1085, n. 73. 17 C. J., sec. 3662, p. 319, n. 22, 24, 25, 26.

Juries, 35 C. J., sec. 437, p. 389, n. 66, 67, p. 390, n. 71.

*Philpot,* 97 Iowa, 365, 66 N. W. 730; *State v. Stowell,* 60 Iowa, 535, 15 N. W. 417; *State v. Brooks,* 57 Mont. 480, 188 Pac. 942; *State v. Ferguson,* 48 S. D. 346, 204 N. W. 652; 16 C. J. 827, sec. 2093.)

Frank L. Stephan, Attorney General, and John W. Cramer and Leon M. Fisk, Assistant Attorneys General, for Respondent.

The court did not err in refusing to give appellant's requested instruction. (*State v. Marcoe,* 35 Ida. 284, 193 Pac. 80.)

It is not error to refuse to instruct as appellant requests where another instruction properly covers the point. (*State v. Curtis,* 29 Ida. 724, 161 Pac. 578; *State v. Petrogalli,* 34 Ida. 232, 200 Pac. 119.)

The judgment will not be reversed unless there is an abuse of discretion by the court. (*State v. Hoagland,* 39 Ida. 405, 228 Pac. 314; *Johnson v. State,* 1 Okl. Cr. 321, 97 Pac. 1059, 1269.)

Appellant was not prejudiced in any right by the court's remarks. If the court's comments on the law may in any way be termed in the nature of an instruction the final instructions of the court corrected any such prejudice. (*State v. Dong Sing,* 35 Ida. 616, 208 Pac. 860; *State v. Ramirez,* 33 Ida. 803, 199 Pac. 376; *State v. Bowker,* 40 Ida. 74, 231 Pac. 706; *People v. Fanshawe,* 137 N. Y. 68, 32 N. E. 1102.)

BABCOCK, Commissioner.—Defendant, E. H. Healey, was charged under C. S., sec. 8326, with having placed a quantity of strychnine in the food of the prosecuting witness, Peter Meilink.

Defendant, at the time of the alleged commission of the crime, was 75 years of age and lived on a small tract of land near Parma, Idaho. In the spring of 1925, he leased the land to Meilink, reserving to himself the residence, where he lived alone. In April, Meilink came upon the premises bringing a tent which he erected in the dooryard about fif-

teen feet from the rear of the residence. There being no floor in the tent, he kept his provisions on the ground, his bed consisting of some covers spread upon a quantity of hay.

Meilink testified that he was absent from his tent on the evening of September 15th, and on the morning of the 16th noticed that two pans of milk that he had in his tent tasted bitter. Upon examination he found a white substance in the bottom of the pans, which he placed in a small bottle. On September 28th, upon his return from a trip to Parma, he discovered a straw in a pan of milk, and becoming suspicious poured out the milk and found the same substance as before in the bottom of the pan. At this time he also found a can of prepared soup in his tent. He testified he had no soup in his tent except the can that was put there that morning. There was a small hole in the top of the can around which was a small quantity of white crystals. He took the substance found in the milk and soup to the state chemist at Boise, who, after analysis, pronounced it strychnine.

The record contains evidence of unfriendly relations and ill will existing between the defendant and the prosecuting witness, which we do not deem it necessary to detail here.

B. Frank Lovejoy, a registered druggist, employed in the Greenlund Drug Store, at Caldwell, Idaho, testified that on September 15th, an elderly gentleman purchased strychnine from him, saying he wanted it "to kill coyotes," and signed his name, "J. Alen." When asked if he resembled the defendant, he replied: "In age and stature the man does, but I can't identify him positively."

R. R. Tewell, a registered druggist, employed in the Harmon Drug Store, at Caldwell, Idaho, testified that on September 26th, between the hours of 11 A. M., and 1 P. M., he sold a quantity of strychnine to a person who wanted it "for coyotes" and who signed his name "Georg Long." He was unable to describe any item of wearing apparel worn by the purchaser, nor did he testify as to any of his physical features, but, nevertheless, positively identified him as the defendant.

The poison registers of the two drugstores above mentioned with the signatures thereto of "J. Alen" and "Georg Long," were introduced in evidence, together with two exemplars of the handwriting of the defendant containing his own name and the two above stated.

Defendant testified that he left his home on September 26th at 9 o'clock in the morning and went directly to Nyssa, Oregon, in his car; that he went into a pool-hall there and watched a card game, but did not participate in the playing during the forenoon; that he went over to Field's Restaurant about 12:30 P. M., and had lunch; that he returned to the pool-hall about 1 o'clock in the afternoon and engaged in a game of cards, continuing to play until 3:30 or 4 o'clock; and that he was not in Caldwell, Idaho, on the twenty-sixth day of September.

P. I. Speer and Ed Tullis, participants in the card game above mentioned, both testified that they observed defendant in the pool-hall and in the card game during the hours stated by him.

The jury returned a verdict of guilty as charged and judgment of conviction was entered, from which judgment this appeal is taken.

[1] Appellant makes eight assignments of error. In his brief he raises two points: (1) The court erred in refusing to give defendant's requested instruction as follows:

"You are instructed that where the evidence can be reconciled, either with the theory of innocence or of guilt, the law requires that you adopt the theory of innocence."

(2) The remarks of the court on the *voir dire* examination of the juror, Fletcher, as to the weight and effect of circumstantial evidence, were prejudicial to the appellant and had the same effect as an instruction to the jury, and did not correctly state the law.

In regard to the first point raised, the court gave the following instruction relative to circumstantial evidence, which is instruction number five in the record:

"You are instructed that before you can find a defendant guilty of the crime charged, based solely on circumstantial

evidence, you must find beyond a reasonable doubt that the circumstances are consistent with the guilt of the defendant, and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt."

—which is undoubtedly a correct statement of the law. (*State v. Marcoe*, 33 Ida. 284, 193 Pac. 80; *State v. McLennan*, 40 Ida. 286, 231 Pac. 718.) We are of the opinion that this instruction covers all the elements of the particular points of law presented by appellant's requested instruction, and that appellant was not prejudiced by the court's refusal to give the same.

[2] As to the second point raised, the record discloses that on the *voir dire* examination of the jury, while a prospective juror, Mr. Fletcher, was being examined, the court undertook to test the juror's competency by specific illustrations of circumstantial evidence, the facts and circumstances of which were in nowise similar to the case at bar. From this examination, as it appears in the record, it is evident that the witness did not understand the character of proof constituting circumstantial evidence. After naming certain social crimes not committed where people can see them, the court observed:

"Then you don't think a man should never be convicted of that kind of a crime because somebody wasn't there to see him, but if all the facts and circumstances were such as to convince you that the crime had been committed, then you would vote for conviction?"

To which the witness replied: "Yes, sir."

It thus appears that the court, in propounding the questions to the jury and using the illustrations, was endeavoring to ascertain whether or not the juror really understood the questions asked him by counsel, and whether he intended to state that he would not convict on circumstantial evidence alone. The hypothetical case stated by the court was so wholly dissimilar from the facts of the case on trial that it could not possibly have been construed as an interpretation or comment on the weight or sufficiency of the evi-

dence to be introduced in the case. The illustration was evidently made for the purpose of clearing the mind of the juror as to what is meant by circumstantial evidence, and inasmuch as it bore no similarity to the facts in the case to be tried, it was not prejudicial to the appellant. The court had a right, before ruling on a challenge to a juror for cause, to satisfy himself by further evidence from the juror as to whether or not a cause existed for the challenge, and in order to determine this question the court itself may examine the juror and use all reasonable means to determine his competency. We find no error in the conduct of the court in conducting the *voir dire* examination.

[3] Appellant's third specification of error states that the court erred in permitting State's Exhibits "C" and "D" to be delivered to the jury during its deliberation, and overruling appellant's objection to the delivery of the same.

Exhibit "C" was an exemplar of defendant's handwriting. Exhibit "D" was the poison register of the Harmon Drug Store, of Caldwell, produced by the witness, Tewell. Both these exhibits were admitted in evidence without objection on the part of the appellant.

C. S., sec. 8978 provides:

"Upon retiring for deliberation, the jury may take with them all exhibits and all papers (except depositions) which have been received in evidence in the cause, or copies of such public records or private documents given in evidence as ought not in the opinion of the court, to be taken from the person having them in possession, etc."

There was no error on the part of the court in permitting these exhibits to be taken into the jury-room during the deliberations of the jury.

[4, 5] In his fourth assignment, appellant claims the court erred in overruling appellant's motion to strike the evidence of the witness, Leonard. The appellant does not discuss this assignment but the record discloses that an objection was interposed to the admission of the evidence and a motion to strike made on the ground that the witness was not qualified and that the substance analyzed by him

had not been identified as the substance produced by the complaining witness as found in his tent on the premises where he resided in Canyon county. The witness, Leonard, testified that he was the state chemist of this state, and had resided and had fifteen years' experience as a chemist in the state of Idaho; that he made an analysis of the contents of a bottle given him by the prosecuting witness, being State's Exhibit "B," and found the same to contain strychnine.

. The prosecuting witness had testified to finding a white substance in the bottom of a pan of milk on September 16, 1924, and that he placed the same in a small bottle (State's Exhibit "B") and took it the next day to Parma and gave it to Mr. Lackland, an officer and employee in the Parma National Bank, for the purpose of having it sent away, and that afterward, on November 6, 1924, he got the same bottle and delivered it to the chemist, Leonard. Lackland was not called as a witness and there is no evidence in the record as to where the bottle was kept while out of the possession of the prosecuting witness, or that there had been no change in the contents of the bottle during that time.

We are of the opinion that the qualifications of the witness were sufficient to permit him to testify as an expert, but that the bottle and contents, Exhibit "B," were not sufficiently identified to warrant the admission in evidence of the result of his analysis of the substance therein contained, and that the objection to his testimony in that regard should have been sustained and the motion to strike the same allowed.

[6] Assignment number five states that the court erred in admitting over defendant's objection the evidence of certain witnesses at the trial, occurring at folios particularly specified in the brief. The record shows that the evidence, to which attention is directed by this assignment, is, in part, that of the witness, Leonard, which is the same error complained of in specification number four heretofore discussed; and, in part, that of witness, Lovejoy, of the Greenlund Drug Store. The objection also went to the admission in evidence of Exhibit "E" admitted at the time this witness

was on the stand, on the ground that it was irrelevant, immaterial and not properly identified. The witness, Lovejoy, had testified as to a sale of strychnine on September 15, 1924, to an elderly gentleman who signed his name "J. Alen,"' and said that he resembled the defendant in age and stature. Exhibit "E" shows the purchase of strychnine on that day by a man who signed his name "J. Alen." There had already been admitted in evidence an exemplar of defendant's handwriting of the name "J. Alen." We are of the opinion that there was no error on the part of the court in admitting this exhibit in evidence.

In regard to appellant's assignment number six, that the court erred in admitting in evidence State's Exhibit "B" over appellant's objection, this exhibit is the small bottle referred to in the discussion of assignment number four, and it follows from what is said in that discussion that the objection to its admission should have been sustained.

Assignment number seven, that the court erred in making its statements and observations on circumstantial evidence in the presence of the jury, has been heretofore discussed and disposed of as being the second point raised in appellant's brief.

[7] In assignment number eight, appellant specifies as error the giving by the court of instruction No. 6, which is as follows:

"Circumstantial evidence in criminal cases is the proof of such facts or circumstances connected with or surrounding the commission of the crime charged as tends to establish the guilt or innocence of the party charged, and these facts and circumstances must be sufficiently conclusive to convince the jury to a moral certainty, and beyond a reasonable doubt of the guilt of the defendant as charged in the information before the jury can convict him; and if the facts and circumstances shown by the evidence in this case are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such facts and circum-

stances are sufficient to authorize the jury in finding the defendant guilty. The law demands a conviction wherever there is sufficient legal evidence to show the defendant's guilt beyond a reasonable doubt, and circumstantial evidence is legal evidence.''

This court passed upon an instruction identical in substance with the foregoing in the case of *State v. Ramirez,* 33 Ida. 803, 199 Pac. 376, and approved the same. There was no error on the part of the court in giving this instruction to the jury.

[8] The conviction in this case rests entirely on circumstantial evidence, and we are of the opinion that the error committed by the court in admitting in evidence over the objection of the appellant State's Exhibit ''B'' and the testimony of the chemist as to the result of his analysis of the contents thereof was prejudicial to the rights of the appellant, and that by reason thereof he did not have a fair trial.

We therefore recommend that the judgment be reversed and a new trial ordered.

Featherstone and Adair, CC., concur.

The foregoing is approved as the opinion of the court. The judgment is reversed and a new trial ordered.

Wm. E. Lee, C. J., and Budge, Givens and T. Bailey Lee, JJ., concur.