(No. 5175.   November 9, 1928.)

STATE, Respondent, v. J. A. YANCEY and GEORGE C. EMERY, Appellants.

[272 Pac. 495.]

John C. Rice, for Appellants.

Frank L. Stephan, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

C. F. Koelsch presented oral argument for Appellant Emery.

BAKER, District Judge.—The appellants were convicted of felony in injuring the county jail of Canyon county.

No question other than the sufficiency of the evidence to sustain the verdict is presented. The evidence upon which the plaintiff relied to connect the appellants with the offense was wholly circumstantial. There was no explanation or denial of any incriminating circumstances testified to by witnesses for the plaintiff. Appellants contend their guilt has not been established to that degree of certainty required where the evidence is circumstantial. The facts testified to are: That on the night of August 7, 1927, there were from ten to thirteen prisoners confined in the jail. All of them had free access to a room known as the kitchen. On the morning of August 8 the jailer discovered that the metal

ceiling had, during the preceding night, been pried down in one corner of the kitchen from an attack made from within and that the appellants were missing. No other prisoners escaped. Appellants were apprehended some two days later at Huntington, Oregon, and were returned.

Appellants argue that the circumstances are consistent with defendants' innocence and do not exclude every reasonable hypothesis except guilt and point out that the hole may have been made for the purpose of escape or may have been made by one prompted by motives of malicious mischief; that if made for the purpose of escape the person who made it may have abandoned his plan to escape and appellants may have concluded to adopt for the purpose of escape the easy means so made available; that the evidence does not disclose that the joint efforts of two men were required to commit the offense and it is not shown whether the offense was committed by the two defendants or by either aided and abetted by the other.

Of the sufficiency of circumstantial evidence this court in *State v. McLennan*, 40 Ida. 286, 302, 231 Pac. 718, among other things said:

"The evidence need not demonstrate the guilt of the defendant beyond the possibility of his innocence; and if the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt they need not be absolutely incompatible, on any reasonable hypothesis, with the innocence of the accused."

The above statement was quoted with approval in *State v. Dawn*, 42 Ida. 210, 245 Pac. 74.

The value of circumstances as evidence depends upon the degree of certainty with which they point to a particular conclusion. While such evidence to be sufficient must create more than a suspicion of guilt, a mere possibility of innocence will not avoid a verdict where the conclusion or inference of guilt is logical.

A theory of innocence must be rational and must find its support in facts. We are not required to adopt an unreasonable theory or one not fairly founded upon evidence.

We are not required to give to circumstances a strained or artificial construction in determining whether they are consistent with innocence.

■ The weight and effect to be given to circumstances pointing toward guilt, the inferences to be drawn therefrom, the extent to which the circumstances are consistent with guilt and inconsistent with innocence and the reasonableness of any claim, or projected hypothesis, of innocence are questions primarily for the jury. They are but matters to be considered by the jury in determining whether the evidence is sufficient to establish guilt beyond a reasonable doubt.

There is in the evidence no basis for the contention that the hole in the ceiling was made by one prompted by a desire to destroy or was made for any purpose other than to facilitate escape or that it was originally made by another prisoner with the idea of escaping and that he abandoned his plan.

The hole in the ceiling was well designed to be used as a means of escape. That physical exertion in an uncomfortable position was required to make it and that it was promptly used as a means of obtaining liberty well justify the inference that it was made with such use in mind. No other conclusion is reasonable. The defendants were jointly benefited by the crime committed. They promptly and alone used the hole to make their escape. Their conduct furnishes evidence of motive on their part in injuring the jail and satisfactory evidence of motive is of much aid in establishing identity. Except for the equal opportunity the other prisoners had to commit the crime of which appellants were convicted, there is no circumstance in evidence which would permit of doubt as to their guilt.

■ On principle, the fact that the defendants escaped through the hole and were the only prisoners who did should receive the same weight as an incriminating circumstance as the fact of possession of stolen property receives in larceny prosecutions. In the case of *State v. Bogris*, 26 Ida. 587, 144 Pac. 789, an instruction, to the effect that the un-

explained possession of recently stolen property is a strong incriminating circumstance tending to show guilt, was considered and of it this court, speaking through Mr. Justice Budge, said:

"We are of the opinion that the instruction is also fully supported by the case of *State v. Sanford,* 8 Ida. 187, 67 Pac. 492, which announced 'the rule of law that possession of recently stolen property is a circumstance from which, when unexplained, the guilt of the accused may be inferred.' "

In that case the defendant and four other persons had equal opportunity to commit the offense and the only incriminating circumstance pointing to the defendant, to the exclusion of the others, was his unexplained possession, some six weeks later, of the fruits of the crime. Here the defendants and some eight or ten other men had equal opportunity to commit the offense. The incriminating character of the fact of escape is stronger here than the circumstance of possession in the Bogris case for here the escape was immediate while in the Bogris case the defendant was not shown to have been in possession of the stolen property earlier than six weeks after the burglary.

From all the facts, including the unexplained fact of escape, the jury concluded that the inference of guilt of both was logical. We cannot say it is not.

The judgment appealed from is affirmed.

Wm. E. Lee, C. J., and Givens, J., concur.

Petition for rehearing denied.

BUDGE, J., Dissenting.—Appellants were charged and convicted of the crime of injuring the county jail in Canyon county, under C. S., sec. 8562, which provides:

"Every person who wilfully and intentionally breaks down, pulls down or otherwise destroys or injures any public jail or other place of confinement, is punishable by fine not exceeding $10,000, and by imprisonment in the state prison not exceeding five years."

The facts are as follows: In the Canyon county jail there is a comparatively large room which is called the kitchen. Opening out of this room is a narrow corridor, on each side of which are the cells. There is a steel door between the kitchen and the corridor. On the night of August 7, 1927, there were from ten to thirteen prisoners confined in the jail. The door between the kitchen and the corridor was open and none of the prisoners were confined in the cells. All of the prisoners in the jail had free access to the kitchen. On the morning of August 8, 1927, when the jailer visited the jail about 8 o'clock, he discovered a hole in the ceiling of the kitchen. Two prisoners, appellants, were missing. It appeared that probably some sort of pry had been used to bend a corner of a steel sheet composing a portion of the ceiling of the kitchen, leaving an opening large enough to permit a man to pass through.

Appellants assign as error insufficiency of the evidence to sustain the verdict and judgment, in that there is no evidence that appellants, or either of them, injured the county jail, as set out in the information, or aided, abetted, encouraged or advised such injury, and that there is no evidence to identify appellants as being connected in any way with injurying the county jail as alleged in the information, or as escaping therefrom.

That part of the assignment of error raising the question of the sufficiency of the evidence to show that appellants escaped from the county jail is without merit. However, they were not prosecuted for the crime proved under C. S., sec. 8150,—"every prisoner confined in any other prison than the state prison, who escapes or attempts to escape therefrom, is guilty of a misdemeanor." The evidence would have been ample to sustain a conviction under this section, but it is wholly insufficient to sustain the conviction under C. S., sec. 8562. There is absolutely no proof in the record that appellants, or either of them, made or in any manner were connected with the making of the hole in the ceiling of the kitchen in the jail through which they are said to have escaped. The hole may have been made by any

one or more of the several other prisoners, or it may have been made by some person or persons outside the jail, or it may have been made by one of the appellants and not by both. The only fact in evidence is that a hole was made in the ceiling through which appellants are presumed to have escaped. There is no direct evidence even that they escaped through this hole, but conceding they did escape through the hole and that their escape is a circumstance in evidence against them, the conviction based upon this circumstantial evidence is not sufficient to uphold a conviction of a felony, under C. S., sec. 8562.

In order to sustain a conviction based solely on circumstantial evidence, the circumstances must be consistent with the guilt of the defendant and inconsistent with his innocence, and incapable of explanation on any other reasonable hypothesis than that of guilt. (*State v. Marcoe*, 33 Ida. 284, 193 Pac. 80.) In explaining the foregoing rule of law, this court said, in *State v. McLennan*, 40 Ida. 286, 231 Pac. 718:

" . . . . if all the material circumstances in evidence point to guilt and exclude any reasonable hypothesis except that of guilt—in other words, if they are inexplicable on the theory of innocence—a conviction is warranted.''

The circumstances in this case are not inconsistent with the innocence of appellants of the crime charged, and are capable of explanation. One or more of the several other prisoners confined in the jail may have made the hole in the ceiling and then abandoned the plan of escape, or the hole may have been made by one of the appellants and not by both (query, which one?), or the hole may have been made by someone outside of the jail. There is nothing more than a mere suspicion that, based upon the theory that appellants escaped through the hole in the ceiling of the kitchen in the jail, they made the hole. Where the evidence is sufficient to establish only a suspicion of guilt, the defendants should not be convicted, and the jury should be so charged. (*State v. Marcoe, supra;* 16 C. J., p. 996, sec. 2409.) To warrant a conviction, the evidence must

identify the accused as the person who committed the crime charged, and identity must be established beyond a reasonable doubt. (16 C. J., p. 774, sec. 1584.) There is not a scintilla of proof in this record which one, if either of the appellants, made the hole in the ceiling. The rule is that even if it be proved that one of two or more persons committed the crime, yet if it is uncertain which is the guilty party, all must be acquitted. (*Campbell v. People,* 16 Ill. 17, 61 Am. Dec. 49; *People v. Woody,* 45 Cal. 289.)

The majority opinion likens this case to one where a person is charged with larceny for the possession of recently stolen property, and it is said: "On principle, the fact that the defendants escaped through the hole and were the only prisoners who did should receive the same weight as an incriminating circumstance as the fact of possession of stolen property receives in larceny prosecutions." In other words, it is intimated if not expressly held that the burden rested upon appellants to establish, in order to warrant their acquittal, that some person or persons other than themselves made the hole through which they escaped. Of course appellants were not required to make any explanation, the burden resting upon the state to establish their guilt beyond a reasonable doubt, and the rule of law with regard to the unexplained possession of recently stolen property as an incriminating circumstance from which guilt may be inferred has no application to such a case as this.

Appellants were charged under a statute to show the violation of which there is no competent proof. They should have been charged with the violation of C. S., sec. 8150, for escape from the jail, to show which the proof is ample. The confinement of appellants in the penitentiary for a period not exceeding five years is not warranted under the evidence, and the judgment should be reversed with proper directions.