210 P.2d 384

## STATE v. DICKENS.
### No. 7485.

Supreme Court of Idaho.
Oct. 4, 1949.

Thornton D. Wyman and David Doane, Boise, for appellant.

Robert E. Smylie, Atty. Gen., and Donald A. Purdy, Asst. Atty. Gen., Boise, Perce Hall, Pros. Atty., Mountain Home, for respondent.

498

PORTER, Justice.

The information in this case was originally filed in Elmore County on December 27, 1946. The information accuses the appellant, Guy Dickens, and one Dan Lloyd, as defendants, of the crime of grand larceny and alleges that the defendants did steal, take, and drive away one white-faced Hereford calf, the property of Green Hall and George Rosevear. Thereafter, upon trial, the defendants were found guilty and judgment of conviction entered. An appeal was taken to this court where the judgment was reversed and the case remanded for new trial. State v. Dickens, 68 Idaho 173, 191 P.2d 364. Thereafter, the cause was transferred to Ada County and the appellant, Guy Dickens, was granted a separate trial. Appellant was found guilty of grand larceny and judgment of convic-

tion was made and entered. From such judgment the appellant has perfected his appeal to this court.

By enumerations of error Nos. I and II the appellant complains of the court's refusal to grant defendant's motion, made at the conclusion of the state's case, for an advisory instruction to acquit, and of the court's refusal to give defendant's requested instruction to acquit. It has been uniformly held in this state that refusal of the trial court to give an advisory instruction to acquit is not reversible error, nor is it reviewable in this court. State v. Stevens, 48 Idaho 335, 282 P. 93; State v. McClurg, 50 Idaho 762, 300 P. 898; State v. Richardson, 56 Idaho 150, 50 P.2d 1012; State v. Mundell, 66 Idaho 339, 158 P.2d 799.

Enumerations of error Nos. III to IX, inclusive, refer to rulings of the court in admitting or excluding testimony. No authorities are cited in support of any of such enumerations of error, and they are not discussed in appellant's brief. Therefore, they need not be considered by this court. State v. Smith, 48 Idaho 558, 283 P. 529; State v. Richardson, supra; State v. Scrivner, 66 Idaho 498, 162 P.2d 897.

Enumeration of error No. X is that the trial court erred in giving instruction No. 6. The instruction of which complaint is made reads as follows:

"Evidence was produced and admitted at this trial to the effect that the defendant claims that the calf which he is charged

with stealing is the offspring of a cow that he bought at Caldwell, Idaho, in the fall of 1944, and that the said cow was at the time branded with the stock brand T, owned by Smeed and Miller, and that the hide which is in evidence as Exhibit No. 5 is the hide off this cow. You will recall that the State contends that the brand on this hide is not a T brand, but is a 'parasol' brand, which is the recorded stock brand of Green Hall and George Rosevear.

"It is, of course, for the jury to interpret the marking or brand found on the hide, and to determine whether it is a T brand or a 'parasol' brand.

"In this connection I instruct you that under the statutes of this state every stock grower in this state must use one and only one brand for cattle, and may record such brand in the office of the Commissioner of Agriculture of this state; that when such a brand is recorded as stated, the appearance of such brand on any head of cattle is prima facie evidence that such animal belongs to the owner of the brand, and that such owner is entitled to the possession of the animal. By prima facie evidence the law means that the finding of such a reported brand on any animal, without anything more, raises the presumption that the animal is the property of the owner of such recorded brand."

When this cause was before this court on the prior appeal, a similar instruction was considered. We quote from State v. Dickens, supra, 68 Idaho at page 179, 191 P.2d at page 367, as follows:

"The giving of instruction No. 5 as follows: 'Now, in the case before us the defendants admit that they have in their possession the white-faced Hereford calf which Green Hall and George Rosevear claim is their property. They contend that the calf is their own property; and that it is the offspring of a cow owned by them, and which was so owned by them, when she gave birth to the said calf. * * *' was assigned, by appellant Dickens, as error on the grounds that it invaded the province of the jury.

"53 Am.Jur. p. 144, Sec. 159, states: 'In jury trial cases it is the sole peculiar province and function of the jury to determine or decide disputed claims and questions of fact arising in the case before it, and the law does not countenance any invasion or usurpation by the court of this province and function of the jury to weigh the evidence and find the facts. The jury have a right to draw from proved circumstances such conclusions as are natural and reasonable.'

"And, at Sec. 584 of said volume, among other things, it is said: 'The respective functions of the court and jury in the trial of cases, civil and criminal, are separate and distinct. The fundamental rule that no encroachment by the court upon the province of the jury, which is to determine the facts of the case, can be tolerated, must be observed by the court in charging

the jury. It is the duty of the court so to frame its charge to the jury as to submit the questions of fact solely to the decision of the jury, deciding on and instructing them as to the law relating thereto, and distinctly separating the questions of law from those of fact.'

"The giving of instruction No. 5 constituted reversible error."

Instruction No. 6 is not only an improper comment on the ·evidence and the effect thereof, but is misleading as to the position taken by the defendant at the trial. An examination of the transcript discloses that the existence of the allegedly stolen calf was a material issue in the case. No witness testified that he ever saw the calf. The state's witnesses testified that the cow in controversy showed evidence of having recently been suckling a calf. Several witnesses also testified that they heard appellant testify at a hearing in October, 1946, that the cow had a white-faced calf. The appellant testified that the cow he claimed and branded was a dry cow and did not have a calf. A witness testified to like effect. Appellant also testified that at the hearing in October, 1946, he said the cow had a calf in 1945, not in 1946.

The prejudicial nature of instruction No. 6 was not cured by giving the general instruction that it is the province of the jury alone to ascertain and decide what facts are established by the evidence in the case. The giving of instruction No. 6 constituted reversible error.

By enumerations of error Nos. XI and XII, the appellant attacks the sufficiency of the evidence to sustain the conviction upon several grounds therein enumerated. However, in view of the fact that due to prejudicial error in the instructions the case must be sent back for new trial, we do not deem it appropriate to comment on the evidence or the sufficiency thereof.

The judgment of conviction is reversed and the cause remanded with directions to grant a new trial.

HOLDEN, C. J., and GIVENS, J., concur.

TAYLOR and KEETON, JJ., concur in conclusion.