286 P.2d 640

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Roy Frederick SUNDSTROM, Defendant-Appellant.**

No. 8225.

Supreme Court of Idaho.

July 27, 1955.

Graydon Smith, Atty. Gen., Edward J. Aschenbrener, Asst. Atty. Gen., Eugene F. McCann, Pros. Atty., Wallace, for respondent.

SMITH, Justice.

The information charges appellant with second degree murder. The jury returned its verdict of involuntary manslaughter, followed by entry of the judgment of conviction.

Keane & Keane, Wallace, for appellant.

The trial court instructed the jury by Instruction No. 4, as follows:

"I instruct you that any fact which becomes material in a criminal prosecution may, as a rule, be established by circumstantial as well as direct evidence. Circumstantial evidence is often the only means of establishing the ultimate fact of guilt; and such evidence alone will support a conviction if it produces a belief beyond a reasonable doubt in the minds of the jury that the accused is guilty, and the conclusion of guilt need not necessarily follow from the circumstances in proof, but may be obtained therefrom by probable deductions. *The accused's evasions, denials, contradictions and falsities may be considered as links in the chain of circumstantial evidence showing his guilt.* Most crimes being committed in secret, if the direct testimony of eye witnesses were required, but few convictions could be had. Circumstantial evidence is the proof of certain facts and circumstances from which the jury may infer other connected facts which usually and reasonably follow according to the common experience of mankind." (Italicization supplied).

Appellant assigns error of the trial court in giving the italicized portion of such instruction.

The entire instruction is a statement of the law, and not a jury instruction, taken from State v. McLennan, 40 Idaho 286, at pages 302–303, 231 P. 718.

The objected to portion thereof is a statement of law appearing in the syllabus of State v. Concelia, 250 Mo. 411, 157 S.W. 778, and constitutes the text of 16 C.J., p. 762 (note 34). Such rule of law also is expressed in State v. Dawn, 42 Idaho 210, 245 P. 74, and, in effect, in Commonwealth v. Wentzel, 360 Pa. 137, 61 A.2d 309, and Bowie v. Commonwealth, 184 Va. 381, 35 S.E.2d 345; and again, the text of 23 C.J. S., Criminal Law, § 907, p. 147 (note 91) is based thereon. In no such case, however, was error predicated upon a jury instruction containing any such or similar statement; rather, in each case the appellate court reviewed the evidence in the light of assigned error raising the question of the insufficiency of the evidence to sustain conviction.

The italicized portion of Instruction No. 4 singles out the accused, appellant, and in effect instructs the jury that the accused factually committed evasions, denials, contradictions and falsities, and that the same may be considered by the jury as links in the chain of circumstantial evidence showing his guilt. It is within the province of the jury, and not the court, to find whether the accused, appellant, was guilty of any such conduct, and if so, whether the same constitutes a circumstance showing his guilt. The trial court should not have assumed as a fact in the instruction either, that appellant had been guilty of any such

conduct, or, that such conduct constitutes a circumstance showing his guilt. State v. Dickens, 69 Idaho 497, 210 P.2d 384; State v. Huskinson, 71 Idaho 82, 226 P.2d 779. Such portion of the instruction was prejudicial to the rights of appellant and constitutes reversible error.

Appellant contends that the trial court erred in failing to set forth, in jury instruction No. 15, a correct definition of involuntary manslaughter, as defined by I.C. sec. 18–4006, as amended by 1949 Sess. Laws, chap. 126, sec. 1, p. 222, in that the court failed to include the clause contained in the amendment reading:

"or in the operation of any firearm or deadly weapon in a reckless, careless or negligent manner which produces death."

The court should have included the amendatory matter in such jury instruction, thereby to set forth the statutory definitions of involuntary manslaughter applicable in this action.

We have examined the remainder of appellant's assignments and find no further error.

The judgment of conviction is reversed and the cause remanded to the trial court with instructions to grant a new trial.

TAYLOR, C. J., and KEETON, PORTER and ANDERSON, JJ., concur.