(No. 5360. November 29, 1929.)

STATE, Respondent, v. G. W. FARRIS, Appellant.

[282 Pac. 489.]

W. A. Stone, for Appellant.

W. D. Gillis, Attorney General, and Leon M. Fisk, Assistant Attorney General, for Respondent.

BUDGE, C. J.—Appellant was charged with and convicted of the crime of transporting intoxicating liquor. This appeal is prosecuted from the judgment, to reverse which appellant specifies numerous alleged errors. We shall consider only such thereof as are deemed necessary to a proper disposition of the cause.

Assignments of error 1 and 2 attack instructions 9 and 10, given by the trial judge of his own motion. Instruction 9 reads as follows:

"Circumstantial evidence in criminal cases is the proof of such facts or circumstances connected with or surrounding the commission of the crime charged as tends to establish the guilt or innocence of the party charged, and these facts and circumstances must be sufficiently conclusive to convince the jury to a moral certainty, and beyond a reasonable doubt, of the guilt of the defendant as charged in the information before the jury can convict him; and if the facts and circumstances shown by the evidence in this case are sufficient to satisfy the jury of the guilt of the defendant beyond a reasonable doubt, then such facts and circumstances are sufficient to authorize the jury in finding the defendant guilty. The law demands a conviction wherever there is sufficient legal evidence to show the defendant's guilt beyond a reasonable doubt, and circumstantial evidence is legal evidence."

Practically the same language as that of the foregoing instruction was used by this court in *State v. Marren*, 17 Ida. 766, 787, 107 Pac. 993, and it is apparent that the instruction was taken from that opinion. It is a correct statement of the law in this jurisdiction.

■■ Instruction 10 reads as follows:

"The jury is instructed that the evidence need not demonstrate the guilt of the defendant beyond the possibility of his innocence; and if the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt they need not be absolutely incompatible, on any reasonable hypothesis, with the innocence of the accused. The value of circumstances as evidence depends upon the degree of certainty with which they point to a particular conclusion. While such evidence to be sufficient must create more than a suspicion of guilt, a mere possibility of innocence will not prevent a conviction where the conclusion or inference of guilt is logical. A theory of innocence must be rational and must find its support in facts. You are not required to adopt an unreasonable theory or one not fairly founded upon evidence. You are not required to give to circumstances a strained or artificial construction in determining whether they are consistent with innocence."

The first sentence in instruction 10 was a statement of the law made in *State v. McLennan*, 40 Ida. 286, 302, 231 Pac. 718. The second sentence is not vulnerable to objection, as it could in no sense be considered as prejudicial. The balance of the instruction, when read and considered in connection with the instructions as a whole, is a fair statement of the law.

Appellant attacks instructions 9 and 10 upon the further ground that neither of them sufficiently charges the jury that the facts must be consistent with the guilt of the appellant and cannot upon any reasonable theory be true and the appellant be innocent. The rule is well established that in charging the jury upon circumstantial evidence the charge need not be couched in any particular set of words or phrases, and is sufficient provided it is correct in substance and is so expressed that from the entire charge the jury can readily comprehend the language employed. In other words, it is essential only that the language employed defines or explains circumstantial evidence and intelligently states the rule governing its effect. It is not error in this jurisdiction for the trial court when instructing upon the law of circumstantial evidence to omit going into detail and instructing as to all the essential ingredients of circumstantial evidence, in order to warrant conviction. (*State v. Ramirez*, 33 Ida. 803, 199 Pac. 376.) It is a mistake for the trial court to give lengthy instructions attempting to explain circumstantial evidence or endeavoring to harmonize all of the alleged essential requirements of circumstantial evidence. To do so would but serve to confuse the jury. In the instant case it will be observed that by the instructions as to ''reasonable doubt'' as well as the instructions complained of, and other instructions contained in the charge, the jury were given clearly to understand that in order to warrant conviction upon circumstantial evidence the guilt of the defendant must have been proved beyond a reasonable doubt and to a moral certainty. Under the instructions as a whole the burden of proof was placed upon and left with the state.

Appellant strenuously complains of the action of the court in refusing to give his requested instructions 17 and

18. In the first, it was stated that in order to warrant a conviction on circumstantial evidence ''the facts must be *absolutely* incompatible with innocence, and incapable of explanation upon any other reasonable hypothesis than that of guilt.'' In *State v. Dawn*, 42 Ida. 210, 245 Pac. 74, the following language is used in the course of the opinion:

''Circumstantial evidence is often the only means of establishing the ultimate fact of guilt; and such evidence alone will support a conviction if it produces a belief, beyond a reasonable doubt in the minds of the jury, that the accused is guilty; and the conclusion of guilt need not necessarily follow from the circumstances in proof, but may be obtained therefrom by probable deductions. . . . . The evidence need not demonstrate the guilt of the defendant beyond the possibility of his innocence; and if the circumstances as proved produce a moral conviction to the exclusion of every reasonable doubt, they need not be *absolutely* incompatible, on any reasonable hypothesis, with the innocence of accused.''

When the court's instructions Nos. 2, 3 and 4 are read in connection with instructions 9 and 10 it will be noticed that requested instructions 17 and 18, in so far as they contain proper statements of the law, are covered. Instruction No. 2 reads as follows:

''In a criminal case the prosecution must prove every material allegation in the information beyond a reasonable doubt. Probabilities, or that the greater weight or preponderance of the evidence supports the allegations of the information will not warrant a conviction. Nothing is to be presumed or taken by implication against the defendant. The law presumes him to be innocent of the offense with which he is charged until proven guilty beyond a reasonable doubt. This presumption of innocence has the weight and effect of evidence in the defendant's behalf and should continue until it is rebutted by competent evidence which displaces any reasonable doubt which you might otherwise have of the defendant's guilt.''

Instruction No. 3 is a clear and concise statement as to reasonable doubt.

We have therefore concluded that the court did not err in giving instructions 9 and 10 and in refusing to give appellant's requested instructions 17 and 18.

 There is no merit in appellant's contention that the court erred in refusing to give his requested instruction No. 9. The sufficiency of the evidence not being properly raised, the same will not be reviewed, and we may indulge the presumption that there was no evidence calling for the giving of said instruction.

 The court did not err in refusing to give appellant's requested instructions 11, 12, 13, 14, 15 and 16, the substance of said instructions being covered by the court's instruction No. 8.

 Coming now to the action of the court in its refusal of appellant's offer of proof: The purpose of the offer was to show by the witness Mahoney that he had been gassed in France, that his bowels were affected by reason thereof, and that on many occasions he could not control them; and that in leaving the automobile in which he and appellant had been riding before they were taken into custody, to answer a call of nature, he accidentally and not designedly found himself in the presence of a keg of liquor. Appellant offered to show not only that Mahoney left the car for a certain purpose but that he left it because of a certain condition prompting such purpose. The record shows that when Mahoney reached the keg of liquor he immediately sought to repossess himself of it and was apprehended in the act of so doing. The rule no doubt is that any legal evidence which logically tends to prove or to disprove a material fact in issue is relevant and therefore admissible, provided it is not too remote or speculative or otherwise of such slight probative value as to justify the court in excluding it on the ground of immateriality. (16 C. J. 543.) Standing alone, we are of the opinion that the exclusion of this evidence cannot be said to be prejudicial error.

The judgment is affirmed.

T. Bailey Lee, Wm. E. Lee and Varian, JJ., concur.

Givens, J., dissents.