454 P.2d 945

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Donald R. STEVENS, Defendant-Appellant.**

No. 10294.

Supreme Court of Idaho.

May 28, 1969.

Rehearing Denied June 23, 1969.

On the 30th of December 1967, at about 7:00 p.m., various Bonneville County police officers, assisted by a police officer of the city of Idaho Falls, and by a patrolman of the Idaho State Police were summoned to the area of the Skyline High School Building which was then under construction. This structure was a short distance from Interstate Highway 15. After observing the area they approached the building.

Investigation disclosed a white Comet sedan automobile with the trunk open. Coiled into the trunk was a quantity of heavy insulated copper cable still connected to other cable situated on the ground. Later this cable in the car was weighed, and it was determined that the cable weighed about 1150 pounds.

There was fresh snow on the ground, and at the time of the investigation it was dark. The officers started their investigation and, searching the building, found one Joe Dobson standing in the school. Dobson was arrested and subsequently pled guilty to a charge of attempted grand larceny.

State Patrolman Ricks, who participated in the investigation, looked around the Comet for tracks leading from the automobile. After some searching he found some tracks that he followed. He tried to determine the size of the individual he was following, and estimated that the prints were smaller than those made by his 10½ shoe, and that the print was made by a narrow shoe with a distinct heel, similar to that of a riding boot. Ricks followed the tracks away from the school building and into a field where they somewhat reversed course, went down another field, paralleled a canal bank, and then crossed the canal into the Newman ranch property. Ricks testified that at one point it appeared that the person whose tracks he was following had been crawling in the snow for a short distance.

Ricks lost the tracks at the Newman ranch where they went between a shed and a garage. He phoned from the Newman Ranch for assistance of other officers, and

A. A. Merrill, Idaho Falls, for appellant.

Allan G. Shepard, Atty. Gen., and Walter H. Bithell, Asst. Atty. Gen., Boise, Jack G. Voshell, Pros. Atty., Idaho Falls, for appellee.

McFADDEN, Chief Justice.

Donald Stevens, following trial and a jury verdict of guilty of the crime of attempted grand larceny, was adjudged guilty of the crime and sentenced to serve a term of not more than five years in the penitentiary. Defendant appealed from this judgment of conviction.

shortly a city officer and deputy sheriff arrived. The three officers were standing outside in the lighted yard conversing for a few minutes between themselves and with the Newmans when they noticed that some cattle in a corral a short distance from the yard began to stir around. Ricks asked the two officers to keep watch and went to investigate the cause of the restlessness of the cattle. Ricks went around a barn, through a corral and into an area of some haystacks. Continuing his search he saw a man, whom he described as crouched down behind some baled hay. Ricks arrested the man, who is the defendant.

At the time of the arrest Stevens was wearing brown or tan cowboy type riding boots with no overshoes, and his trousers were wet. Another officer later observed that Stevens' hands were raw and red and cold. At the time the defendant was incarcerated, he was wearing the same brown or tan cowboy boots which he had been wearing at the time of his arrest. About one week later it came to the attention of the police officers that these boots had disappeared and that the defendant was walking around his cell in his stocking feet. A search of the cell on January 1, 1968 failed to turn up the missing boots. Then on January 14, 1968 another intensive search was conducted and the boots were found hidden behind a steel panel in the cell wall. They had been cut up and mutilated, but Officer Poole identified them at the trial as the same boots the defendant had been wearing when arrested.

The defendant's explanation of his presence at the Newman ranch was that on the afternoon of December 30, 1967 he had gone skiing at Blizzard Mountain about 22 miles out of Arco. He testified that he drove a Dodge pickup and went to see a Mr. Carlson, who was not at home, and then went through New Sweden to the Arco Highway and then on to the ski area. He stated he skied for three or four hours and then started his return trip home to Idaho Falls. He further testified that about five-thirty, while on the Interstate Highway, he ran out of gas about a mile from town. He spent about forty-five minutes taking off the gas pump and blowing out the fuel line trying to get the pickup truck started, then recognized that he was out of gas. He stated that he walked up the freeway and crossed over to the Newman ranch for gas. He heard a noise in the corral and thought they might be feeding the cattle, so he went out there where the officer arrested him.

Other witnesses for appellant testified that the next morning they went out to get his pickup which was left on the freeway. One of them jumped the wires and put in some gas, and the defendant's brother drove the pickup home. On the state's rebuttal, however, Patrolman Ricks testified that later on the night of the defendant's arrest he had toured Interstate Highway 15 looking for any "stray" automobiles. He stated that he saw no stray vehicle at the place where the accused and his witnesses testified the defendant had parked his pickup.

Many of defendant's assignments of error are predicated upon the proposition that there was a lack of evidence to substantiate the finding of the jury that he was guilty of the crime charged. A brief review of the evidence submitted at the trial discloses competent and substantial circumstantial evidence from which the jury could reasonably find that the defendant was guilty. In order to agree with defendant's contentions in this regard it would have been necessary for the jury to have accepted the testimony of the defendant and of his witnesses without regard to the circumstantial evidence submitted by the state. As has ofttimes been stated, a verdict of conviction will not be disturbed where there is substantial and competent evidence to support it, since credibility of the witnesses and the weight to be given their testimony is solely for the jury. State v. Oldham, 92 Idaho 124, 438 P.2d 275 (1968); State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967). Although the state's case is based primarily on circumstantial evidence, that alone is not sufficient to up-

set a jury verdict. This court has repeatedly sustained convictions based on circumstantial evidence. State v. Ponthier, 92 Idaho 704, 449 P.2d 364 (1969); State v. Farris, 48 Idaho 439, 282 P. 489 (1929); State v. Yancey, 47 Idaho 1, 272 P. 495 (1928); State v. Dawn, 42 Idaho 210, 245 P. 74 (1926); State v. McLennan, 40 Idaho 286, 231 P. 718 (1925).

Defendant claims the trial court erred in not granting his motion for an advisory instruction to acquit, interposed at the close of the state's case, and in not granting a similar motion at the close of the entire case. In the first place this court held in State v. Puckett, 88 Idaho 546, 401 P.2d 784 (1965), that the refusal to grant such a motion based upon the insufficiency of the evidence is a matter within the discretion of the trial court and that it was not error for the trial court to refuse to instruct the jury to acquit. Secondly the record in any event contains substantial and competent evidence to sustain the verdict of the jury.

Certain of defendant's assignments of error are directed to the alleged refusal of the jury to follow the court's instructions. The defendant asserts that the jury failed to follow instruction no. 5 which set forth the obligation of the state to prove every material allegation of the information beyond a reasonable doubt and defined "reasonable doubt." This instruction also instructed the jury that the defendant is presumed to be innocent. The defendant also contends that the jury ignored instruction no. 6 which stated that if the evidence can be reconciled either with the theory of innocence or guilt the law requires adoption of the theory of innocence. Nowhere does defendant assert that these particular instructions incorrectly stated the law.

Appellant also asserts error in the failure of the jury to follow the first paragraph of instruction no. 12 and instruction no. 13. The challenged portion of instruction no. 12 dealt with the law that to render a person an accomplice he must in some manner knowingly, and with criminal intent, aid, abet, assist or participate in the criminal act. Instruction no. 13 dealt with

the provisions of I.C. § 18–114 requiring that in every crime there must exist a union, or joint operation, of act and intent, or criminal negligence, and further provided that intent is manifested by the circumstances of the offense.

■ To sustain the defendant's contention that the jury refused to follow the court's instructions in the law would require this court to accept the defendant's version of what took place, completely ignoring all the evidence submitted by the state. This cannot be done by this court. It is within the province of the jury, and not this court, to determine where the truth resides when there are two different and conflicting versions of an incident. Here the jury made that determination. These assignments of error are without merit. State v. Oldham, supra; State v. Pruett, supra.

■ Defendant claims that the trial court erred in refusing and failing to give his requested instruction no. 16, contending that a defendant in a criminal case is entitled to have his theory of the case submitted to the jury. There is no question but that a defendant is entitled to have his theory of the case presented to the jury upon *proper* instructions. The vice of the defendant's requested instruction was that it attempted to summarize (and not entirely accurately) the defendant's testimony. In part it would have been subject to the objection that, had it been given, the court would have been commenting on the evidence submitted at the trial. There was no error in refusing to give this instruction. Moreover, by the court's instruction no. 20, the defendant's theory of the case was fully presented to the jury without the vice of misstatement of fact or comment upon the evidence.

■ While the defendant was on the witness stand testifying on cross-examination by the prosecuting attorney concerning the area around the Skyline High School building, the roads around it, and the Newman ranch, he was referred to an aerial photograph of the area previously admitted

into evidence by the state. During the course of his cross-examination he indicated various features on the photograph. He had also prepared a diagram of the area which he used in describing the relationship of the building, the roads and other features of the area. The prosecuting attorney requested one of the state's witnesses, Patrolman Ricks, who had testified to various features on the aerial photograph, to come to the exhibits. and observe the various places to which the defendant was pointing during his testimony. The defendant contends this was prejudicial error. Examination of the record fails to sustain the defendant's claim of prejudice in this regard.

■ At trial Patrolman Ricks identified the defendant as the person he found on the Newman premises, after having followed the tracks in the snow from the Skyland High School building to the Newman property. The defendant objected to this identification in open court, which objection was overruled by the trial court. The defendant asserts this was error. This assignment of error is untenable. See State v. Dunn, 91 Idaho 870, 875, 434 P.2d 88 (1967).

■■ In his ninth assignment of error, defendant claims the trial court erred in various rulings allowing certain state witnesses to answer, over defendant's objection, questions which defendant claims were leading and suggestive. He also claims the trial court erred in sustaining objections to questions which the defendant asked certain state witnesses on cross-examination. This assignment of error is not discussed in the defendant's brief, nor is it supported by authorities, and hence will not now be considered. State v. Anstine, 91 Idaho 169, 418 P.2d 210 (1966); State v. Coburn, 82 Idaho 437, 354 P.2d 751 (1960). In addition an examination of the record fails to substantiate the defendant's allegations.

■ During the cross-examination of defendant, he was asked if he had contacted a young lady to have her come to the trial and testify that she had been with him during the day in question. Defendant objected to this question on the ground that it was improper cross-examination. The trial court overruled the objection, and the defendant denied that he had contacted the young lady in question. Defendant contends there was prejudicial error in this regard because the state did not later produce the young lady to testify to these facts. While the practice on the part of the state of leaving with the jury an inference of improper conduct on the part of the defendant in the guise of impeachment, without properly substantiating it by evidence, is not to be condoned in the trial of a criminal case, herein the charge of prejudicial error is neither supported by citation of authority or contained in the argument in the defendant's brief.

■ In another assignment of error the defendant contends that the trial court erred in requiring the defendant's witness Donald Dobson to respond to a question asked of him on cross-examination as to whether he had been convicted of a felony. The witness attempted to interpose the privilege of the Fifth Amendment, but the trial court required him to respond, and he admitted the prior commission of a felony. There was no error in this procedure. I.C. § 9–1209. State v. Owen, 73 Idaho 394, 253 P.2d 203 (1953).

Various rulings of the trial court concerning the sustaining or overruling of objections to questions by both counsel are assigned as error (assignment of error no. 11). Examination of the record reflects no errors in the specific instances.

■ It is claimed the trial court erred in not giving defendant's requested instruction no. 4, which dealt with the provisions of I.C. § 18–114 requiring the union, or joint operation, of act and intent, or criminal negligence. Instruction no. 13 given by the court, however, fully covered this requested instruction. It is also claimed that the trial court erred in not giving defendant's requested instruction no. 5, which was to the effect that it was in-

cumbent upon the state to prove the motive of the defendant. The requested instruction was in effect an instruction of acquittal. The court did not err in refusing to give it. Motive is generally defined as that which leads or tempts the mind to indulge in a particular act. 21 Am.Jur.2d Crim.Law § 85, p. 166; Black's Law Dictionary (Rev. 4th ed.). It is distinguishable from intent, which is the purpose to use a particular means to effect a certain result. People v. Molineux, 168 N.Y. 264, 61 N.E. 286, 62 L.R.A. 193 (1901). Motive is generally not considered an essential element of any crime, unless made so by statute. 21 Am.Jur.2d Crim.Law, § 86, p. 167. There was therefore no error in refusing to give this requested instruction.

The defendant also claims the court erred in sentencing him to a term not to exceed five years in the penitentiary. Under the provisions of I.C. § 18–4606, punishment for grand larceny is fixed at not more than fourteen years in the penitentiary. I.C. § 18–306 provides the punishment for attempts, fixing punishment for an attempt to commit a felony involving imprisonment for more than five years, at not to exceed one-half the longest term of imprisonment prescribed for conviction of the offense attempted. Thus, the statutes authorized a maximum sentence of seven years in the present case.

In State v. Weise, 75 Idaho 404, 273 P.2d 97 (1954), it was held that ordinarily punishment within the limits prescribed by statute is not excessive and that the sentence of a trial court within the limits so prescribed will not be reviewed or reversed except in the case of an abuse of discretion. The record here fails to disclose any abuse of discretion in this regard.

It is claimed that the prosecuting attorney improperly presented matters outside the record in his argument to the jury. The argument is not made a part of the record on this appeal, and hence this assignment will not be considered here. State v. Johnson, 77 Idaho 1, 287 P.2d 425, 51 A.L.R.2d 1386 (1955).

In his brief and argument to this court, the defendant contends that the trial court erred in permitting the state to show over the defendant's objections prior business transactions of the defendant during the past several years. During the trial, while cross-examining the defendant, the state made reference to a number of sales slips involving prior business transactions relating to sales to junk dealers. No direct assignment of error was made by defendant in this regard. It is, however, raised inferentially in that portion of his brief devoted to argument, and has been answered in the respondent's brief.

On cross-examination the defendant was asked if he had ever sold copper wire, to which he replied that he had junked a little bit when he was out of work. Cross-examination then continued along this line, with the state inquiring as to certain sales of copper as reflected by a number of sales slips which documented sales by the defendant and another person. These slips were apparently all dated prior to the time of the alleged offense. The defendant timely objected to this line of inquiry as being improper cross-examination.

Even though the sales slips which were the subject of inquiry are not incorporated in the record on appeal and are not available for consideration, it appears from the record that this line of inquiry went beyond the scope of the defendant's direct examination and was not presented for the purpose of impeachment. Defendant, on direct examination, testified regarding his employment that he worked in the summers for eleven years for a brick and title company. This testimony regarding employment is the closest testimony connected to the subsequent cross-examination regarding sales of copper by the defendant.

In State v. Cypher, 92 Idaho 159, 438 P.2d 904 (1968), this court stated:

"It is a fundamental rule of law, and one which has been recognized repeatedly,

that the scope of cross-examination is largely within the discretion of the trial judge, and unless the discretion is abused in allowing the cross-examination to go beyond the matters testified to on direct examination or connected therewith such will not be held to be error. (citing cases)"

The defendant, however, has failed to establish how he was prejudiced by this line of examination. State v. Gruber, 19 Idaho 692, 115 P. 1 (1911). On appeal the burden to show error is upon the appellant. State v. Dawson, 40 Idaho 495, 235 P. 326 (1925); State v. Marks, 45 Idaho 92, 260 P. 697 (1927); State v. Peterson, 87 Idaho 147, 391 P.2d 846 (1964). I.C. §§ 19–2819 and 19–3702 are recognized as admonitions against reliance upon technical errors as the basis for reversal of judgments. State v. Carringer, 84 Idaho 32, 367 P.2d 584 (1961); State v. Jurko, 42 Idaho 319, 245 P. 685 (1926). No prejudicial error appears from the record in this regard.

Many assignments of error have been discussed in this opinion. The basic question, however, is whether there was competent and substantial evidence to support the jury's verdict. The jury accepted the evidence presented by the state and rejected the evidence as presented by the defendant. A serious conflict in the defendant's story that he had run out of gas on the highway was presented when the patrolman testified that later on the evening of the arrest he had toured Interstate Highway 15 looking for any "stray" autos at the place where the accused and his witnesses testified the pickup truck was parked. Mr. Dobson, who was arrested in the school building, later pled guilty to the crime of attempted grand larceny and was sentenced to a term in the penitentiary. Dobson's testimony that the defendant did not participate in that crime was made suspect by reason of his impeachment under the provisions of I.C. § 9–1209. Under this record there is substantial competent evidence to support the jury's verdict and under such circumstances this court will not set it aside. Fairchild v. Mathews, 91 Idaho 1, 415 P.2d

43 (1966); State v. Pruett, 91 Idaho 537, 428 P.2d 43 (1967).

The judgment of conviction is affirmed.

McQUADE, DONALDSON and SPEAR, JJ., and CUNNINGHAM, D. J., concur.