**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 44627**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Boise, May 2018 Term** |
| | ) | |
| **v.** | ) | **Filed: August 1, 2018** |
| | ) | |
| **JUAN SALINAS, JR.,** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **Defendant-Appellant.** | ) | |
| _____ | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Steven Hippler, District Judge.

The district court's judgment of conviction is <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender, Boise, for appellant. Brian R. Dickson argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent. Mark W. Olson argued.

_____

BRODY, Justice

This case addresses whether the district court erred in its application of Idaho Rule of Evidence 404(b). Juan Salinas was charged with the crime of attempted lewd conduct with a minor under sixteen. He engaged in online conversations with a detective posing as an adult. He discussed entering a sexual relationship with the fictitious adult and her minor daughter, and was arrested when he later drove to a hotel where he and the detective had agreed to meet. The State sought to admit evidence of similar conversations that Mr. Salinas had with others, as well as sexual pictures of a fifteen-year-old and four-year-old girl, not part of the State's fictitious scenario. The district court admitted all the challenged evidence except the picture of the fifteen-year-old, which the court found was propensity evidence and prohibited under the Idaho Rules of Evidence. The district court found Salinas guilty of attempted lewd conduct after a bench trial. Mr. Salinas appeals the judgment of conviction, contending that the challenged evidence should

1

have been excluded as inadmissible propensity evidence. We conclude the district court did not err in admitting the challenged evidence and affirm the judgment of conviction.

## I. BACKGROUND

The State and Mr. Salinas agree on the relevant facts in this case. On December 15, 2015, an Ada County Sheriff's Office detective observed a Craigslist advertisement entitled "Taboo Moms Only." The ad was created on December 14, 2015, and ostensibly sought a sexual encounter with a mother and daughter, stating "[a]ge not an issue." The detective determined that Salinas posted the ad based on the email address associated with the account. The detective then used the fictitious persona of a 34-year-old single mother named Jill with a 9-year-old daughter named Chloe to engage Salinas in conversations—initially by email, then by text message. After several weeks of sexually explicit exchanges, Salinas requested to meet Jill and Chloe. The detective (posing as Jill) set up a meeting at a nearby hotel. Salinas was arrested upon showing up at the hotel, and the State charged him with attempted lewd conduct with a minor under sixteen years old.

The State filed a notice of intent to use in its case in chief certain evidence of Salinas' other acts to establish or prove motive or intent, in accordance with Rule 404(b) of the Idaho Rules of Evidence. The State sought to use evidence that (1) Salinas emailed himself a nude picture of an approximately four-year-old girl in a sexually-suggestive position; (2) Salinas requested and received a nearly-nude picture of a girl who responded to a separate sexual advertisement and who claimed to be fifteen years old; and (3) Salinas engaged in two additional conversations with women with young daughters who answered his "Taboo Moms Only" advertisement, using sexually explicit language regarding the daughters. Salinas objected, and the court held a hearing on the State's motion on July 29, 2016. The trial judge ruled all evidence except the picture of the fifteen-year-old girl admissible as relevant to motive.

Salinas proceeded to a bench trial on August 16–18, 2016. The court found him guilty of the charged conduct and sentenced him to fifteen years, with four-and-a-half years fixed and ten-and-a-half years indeterminate. Salinas timely appealed, claiming the court erred in admitting the challenged evidence as relevant to motive. We now affirm.

## II. STANDARD OF REVIEW

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

without the evidence." I.R.E. 401. "Whether evidence is relevant is an issue of law" that this Court reviews *de novo. State v. Page*, 135 Idaho 214, 219, 16 P.3d 890, 895 (2000). Idaho courts employ a two-step analysis to determine the admissibility of evidence under Rule 404(b). *State v. Russo*, 157 Idaho 299, 308, 336 P.3d 232, 241 (2014) (citing *State v. Pepcorn*, 152 Idaho 678, 688, 273 P.3d 1271, 1281 (2012)). "First, the evidence 'must be sufficiently established as fact and relevant as a matter of law to a material and disputed issue other than the character or criminal propensity of the defendant.'" *Id.* (quoting *Pepcorn*, 152 Idaho at 688, 273 P.3d at 1281). Second, the court must conduct a Rule 403 analysis to ensure that the evidence's probative value is not "substantially outweighed by the danger of unfair prejudice." *Id.*; I.R.E. 403.

### III. ANALYSIS

**A. The district court did not err in admitting the challenged evidence.**

Salinas' only issue on appeal is whether the challenged evidence the trial court admitted in this case—the nude photo of the four-year-old girl and the two additional conversations regarding the "Taboo" ad—was relevant as a matter of law. Salinas contends that the admitted evidence is only relevant to the issue of propensity, and is thus inadmissible under Rule 404(b) of the Idaho Rules of Evidence. The State claims that the trial court properly admitted the evidence as relevant to Salinas' motive, and that the evidence was also relevant to Salinas' intent. The State contends that the relatively short timeframe of approximately one month during which Salinas acquired the picture of the four-year-old and engaged in sexually-graphic conversations with mothers—including the detective's fictional persona—tended to demonstrate Salinas' motive and intent in driving to the hotel to meet "Jill" and "Chloe" the day he was arrested.

The relevant text of Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

I.R.E. 404(b). The policy underpinning the prohibition on character evidence is "the protection of the criminal defendant." *State v. Grist*, 147 Idaho 49, 52, 205 P.3d 1185, 1188 (2009). This Court has noted that character evidence prejudices defendants because "it induces the jury to believe the accused is more likely to have committed the crime on trial because he is a man of

3

criminal character." *Id.* (quoting *State v. Wrenn*, 99 Idaho 506, 510, 584 P.2d 1231, 1235 (1978)). "Evidence of uncharged misconduct may not be admitted pursuant to I.R.E. 404(b) when its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior." *Id.* at 54, 205 P.3d at 1190.

However, Rule 404(b) also lists purposes under which a court may admit the evidence. The rule "represents one of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove *only* criminal disposition." *Russo*, 157 Idaho at 308, 336 P.3d at 241 (quoting *United States v. Brown*, 562 F.2d 1144, 1147 (9th Cir. 1977)). "Motive is a well-accepted method of proving the ultimate facts necessary to establish the commission of a crime, without reliance upon an impermissible inference of bad character." *Id.* (quoting 29 Am. Jur. 2d *Evidence* § 439 (2008)). "Motive is generally defined as that which leads or tempts the mind to indulge in a particular act." *Pepcorn*, 152 Idaho at 689, 273 P.3d at 1282 (quoting *State v. Stevens*, 93 Idaho 48, 53, 454 P.2d 945, 950 (1969)). Intent "is the purpose to use a particular means to effect a certain result." *Stevens*, 93 Idaho at 53, 454 P.2d at 950 (citing *People v. Molineux*, 61 N.E. 286, 297 (N.Y. 1901)).

As an initial matter, the district court determined that a factual basis existed for the challenged evidence and that the evidence survived a Rule 403 balancing test. The district court further determined that the challenged evidence in this case was relevant to motive. Specifically, the State had to prove beyond a reasonable doubt that Salinas attempted lewd conduct with a minor child when he drove to the hotel on the evening of January 20, 2016.

Prior to this Court's 2008 decision in *Grist*, the State could introduce "corroborating" evidence as relevant, "particularly in sex crime cases involving minor victims." *State v. Moore*, 120 Idaho 743, 745, 819 P.2d 1143, 1145 (1991). In *Grist*, this Court disallowed corroboration evidence if that evidence served to merely repackage propensity evidence under a different name. 147 Idaho at 54, 205 P.3d at 1190. In other words, the State could no longer admit evidence of another sex act solely to demonstrate an increased probability for the act for which a defendant was charged, and thus "corroborating" the victim's testimony while increasing the chance that the defendant committed the crime. *Id.*

In 2014, this Court in *Russo* affirmed a district court's decision to admit a defendant's fantasies involving sexual assault into evidence as relevant to motive in the crime of rape. 157 Idaho at 308, 336 P.3d at 241. The defendant claimed this was propensity evidence not personal

to the victim, and thus not relevant to motive. *Id.* We disagreed and noted "[t]here is no requirement that evidence must show that the motive for committing the crime was personal to the victim." *Id.* We further held "that the evidence of Defendant's fantasies and his collecting pornography that was consistent with those fantasies was relevant to his motive in this case." *Id.*

In support of his challenge, Salinas would have this Court rely on a 2014 Idaho Court of Appeals decision, *State v. Folk*, 157 Idaho 869, 341 P.3d 586 (Ct. App. 2014), to vacate the judgment of conviction. The Court of Appeals determined that the trial court erred by admitting into evidence two prior convictions for child molestation—one in 1992 and one in 1999—at the defendant's 2012 trial. *Id.* at 878, 341 P.3d at 595. The Court of Appeals stated, "[u]nlike *Russo*, where Russo's fantasies and collections of pornography consistent with his fantasies were relevant to Russo's motive—that which leads or tempts the mind to indulge in a particular act— the prior convictions in this case are not relevant to prove motive." *Id.* (citation omitted). The *Folk* court also discussed intent, however, noting that "intent was not a materially disputed issue" to the defendant's completed sexual act, and thus the prior convictions were not relevant to prove intent. *Id.* at 879, 341 P.3d at 596.

In this case, the district court did not err in admitting the challenged evidence because it was relevant to proving Salinas' intent. This was an attempt case, and is thus distinguishable from *Folk*. The challenged evidence that the district court admitted was not simply an instance where Salinas' possession of child pornography and explicit online conversations made him more likely to be the type to engage in lewd conduct with a child. Rather, the sexually-charged prepubescent photograph combined with the explicit conversations regarding the "Taboo" ad— all occurring in a short window of time leading up to his arrest—were directly relevant to Salinas' intent. Because this is an attempt case with no completed sex act, the State needed to prove the explicit conversations were not mere fantasies upon which Salinas would never act, and that Salinas was not simply seeking a sexual tryst with an adult. The State had to prove he attempted to engage in lewd conduct with a minor under sixteen. The challenged evidence was relevant to the State's required proof regarding Salinas' intent when he arrived at the hotel that night. In other words, the challenged evidence went directly to the issue of whether he intended to consummate a sexual act involving a prepubescent child. Because this Court finds the district court did not err when it admitted the challenged evidence since it was relevant to a non-propensity purpose, we need not consider the other Rule 404(b) exceptions.

5

## IV. CONCLUSION

For the foregoing reasons, the Court affirms the district court's judgment of conviction.

Chief Justice BURDICK, Justices HORTON, BEVAN, and Justice Pro Tem WILDMAN CONCUR.