**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47442**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 16, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| COREY STEVEN McGRATH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Judgment of conviction for lewd conduct with a minor child under sixteen and injury to a child, <u>affirmed</u>.

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Corey Steven McGrath appeals from the district court's judgment of conviction for lewd conduct with a minor child under sixteen and injury to a child. McGrath argues that the district court erred by allowing the State to present certain evidence under Idaho Rule of Evidence 404(b) at the lewd conduct trial and by imposing excessive sentences for both charges. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

McGrath was charged with two counts of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508. The charges arose when McGrath's live-in girlfriend (Barker) took her five-year-old daughter, B.B., to the doctor after noticing a rash on B.B.'s vaginal area. After testing, it was discovered that B.B. was infected with gonorrhea. Because medical professionals

suspected that B.B. was a victim of sexual abuse, they notified the Idaho Department of Health and Welfare who notified law enforcement. B.B. underwent forensic interviews and ultimately disclosed that she was sexually abused by McGrath on an ongoing basis. In addition, during the investigation, officers asked the adult residents of B.B.'s home (which included McGrath's mother, McGrath's stepfather, Barker, and McGrath) to undergo gonorrhea testing. Both McGrath and Barker tested positive for gonorrhea. Consequently, the State charged McGrath with one count of lewd conduct with a minor child under sixteen (Count I).

Later, investigators interviewed Barker's older daughter, L.N. L.N. disclosed that from the age of eight until the age of twelve, when she would visit her mother's home on weekends, McGrath would sexually abuse her. As a result, the State amended the complaint to include another charge of lewd conduct with a minor child under sixteen (Count II). Prior to trial, the State filed a notice of its intent to introduce evidence under I.R.E. 404(b), which investigators discovered on McGrath's phone, that showed that McGrath engaged in several Internet searches related to "fathers having sexual contact with daughters." McGrath filed a motion in limine to exclude "evidence of pornography allegedly found on [McGrath's] phone." The State responded to McGrath's motion in limine by explaining that it was not seeking to introduce evidence of the pornography. Rather, it sought to offer evidence found on McGrath's phone that McGrath accessed Internet sites about fathers and stepfathers having incestuous sexual relationships with daughters and stepdaughters. The State sought to introduce evidence of both the names of those sites and photographic images depicting the content on the videos found on the sites as evidence of McGrath's motive and intent. The district court denied the motion in limine leaving the issue of admissibility for trial. Additionally, the court severed Count I and Count II for trial.

McGrath's case proceeded to trial on Count I. At trial, B.B. testified that, on frequent occasions, McGrath "licked [her] privates," stuck his finger and his "weener" in her "bottom" "a lot" and touched her privates with his "hands" while he touched his "weener." B.B. explained that often times she would cry while McGrath was abusing her and he would cover her mouth to keep her quiet. In addition, B.B. testified that McGrath showed her videos on his phone of men touching women the way McGrath touched B.B. Thereafter, a detective testified about his investigation which included extracting evidence such as McGrath's browsing history from McGrath's phone. The detective testified that he visited the websites and viewed the videos that were reflected in McGrath's browsing history. The detective explained that the websites and the videos contained

2

therein were pornographic and involved fathers engaging in sexual relations with their daughters. Over McGrath's objection, the State admitted multiple photographs which showed McGrath's browsing history along with the names of the websites that McGrath visited and two still images from two of the videos that depicted adult men committing sexual acts on pre-pubescent girls.

Ultimately, the jury convicted McGrath of lewd conduct with a minor child under sixteen. Thereafter, McGrath entered into a plea agreement with the State whereby McGrath agreed to enter an *Alford*[1] plea and the State agreed to reduce the second charge involving L.N. to misdemeanor sexual battery, I.C. § 18-924, and injury to a child, I.C. § 18-1501(1). The district court imposed concurrent sentences of life imprisonment with twenty years determinate for lewd conduct with a minor child under sixteen, ten years determinate for injury to a child, and one year in jail for sexual battery.[2] McGrath timely appeals.

## II.

## ANALYSIS

McGrath argues that the district court erred by allowing the State to present evidence under I.R.E. 404(b) at the lewd conduct trial and by imposing excessive sentences for both felony charges. We address each of his contentions in turn below.

### A.    I.R.E. 404(b)

McGrath argues that the district court improperly admitted the photographs depicting McGrath's browsing history and website names and the two still images depicting content from the videos on those websites at the lewd conduct trial. McGrath argues that the district court's error was not harmless. At trial, the State offered the challenged evidence to show McGrath's motive and intent under I.R.E. 404(b).

The evidence rule in question, I.R.E. 404(b), provides, in relevant part:

> (1)    Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]    Although the district court granted McGrath's motion to sever the charges involving B.B., which proceeded to trial, from the charges involving L.N., which McGrath ultimately entered an *Alford* plea guilty to following his conviction for lewd conduct against B.B., the judgment of conviction includes the felony charges involving both victims with a separate judgment of conviction for the misdemeanor sexual battery charge involving L.N. McGrath does not appear to appeal from the judgment for misdemeanor sexual battery conviction.

(2)  Permitted Uses; Notice in a Criminal Case.  This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

This rule prohibits introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior.  *State v. Grist*, 147 Idaho 49, 54, 205 P.3d 1185, 1190 (2009).  Of course, evidence of another crime, wrong, or act may implicate a person's character while also being relevant and admissible for some permissible purpose, such as those listed in the rule.  *See State v. Pepcorn*, 152 Idaho 678, 688-89, 273 P.3d 1271, 1281-82 (2012).

When determining the admissibility of evidence to which a Rule 404(b) objection has been made, the trial court must first determine whether there is sufficient evidence of the other acts that a reasonable jury could believe the conduct actually occurred.  If so, then the court must consider: (1) whether the other acts are relevant to a material and disputed issue concerning the crime charged, other than propensity; and (2) whether the probative value is substantially outweighed by the danger of unfair prejudice.  *Grist*, 147 Idaho at 52, 205 P.3d at 1188; *State v. Parmer*, 147 Idaho 210, 214, 207 P.3d 186, 190 (Ct. App. 2009).  On appeal, this Court defers to the trial court's determination that there is sufficient evidence of the other acts if it is supported by substantial and competent evidence in the record.  *Parmer*, 147 Idaho at 214, 207 P.3d at 190.  In this case, McGrath does not challenge the existence of his browsing history or the videos he watched as an established fact.  Therefore, we address only the relevancy and unfair prejudice issues.  We exercise free review of the trial court's relevancy determination.  *State v. Sheldon*, 145 Idaho 225, 229, 178 P.3d 28, 32 (2008).  The trial court's balancing of the probative value of the evidence against the danger of unfair prejudice will not be disturbed unless we find an abuse of discretion.  *State v. Norton*, 151 Idaho 176, 190, 254 P.3d 77, 91 (Ct. App. 2011).

First, we must analyze the relevancy of the challenged evidence.  On appeal, McGrath argues that the challenged evidence is only relevant to prove propensity and is thus inadmissible under I.R.E. 404(b).  McGrath contends that the evidence was not relevant to a disputed issue of material fact, such as motive or intent, because McGrath did not put his motive or intent at issue in this case.  Additionally, McGrath claims that the motive and intent of a person who commits a sexual act on a child is self-apparent.

In response, the State argues that the district court properly admitted the evidence as relevant to McGrath's motive and intent.  The State argues evidence that McGrath frequently

4

sought out and watched pornographic videos with a theme of fathers or stepfathers having sexual relations with their daughters or stepdaughters is relevant to show McGrath's motive and intent to sexually abuse his stepdaughter, B.B.[3] We agree with the State.

Idaho Rule of Evidence 404(b) represents a rule "of inclusion which admits evidence of other crimes or acts relevant to an issue in the trial, except where it tends to prove *only* criminal disposition." *State v. Salinas*, 164 Idaho 42, 44, 423 P.3d 463, 465 (2018). "Motive is generally defined as that which leads or tempts the mind to indulge in a particular act. It is distinguishable from intent, which is the purpose to use a particular means to effect a certain result." *State v. Stevens*, 93 Idaho 48, 53, 454 P.2d 945, 950 (1969) (citations omitted). "Evidence of motive is relevant when the existence of a motive is a circumstance tending to make it more probable that the person in question did the act." *State v. Russo*, 157 Idaho 299, 308, 336 P.3d 232, 241 (2014) (internal quotation omitted). Evidence of motive, however, is still limited by the fact that Rule 404(b) prohibits the introduction of evidence of acts other than the crime for which a defendant is charged if its probative value is entirely dependent upon its tendency to demonstrate the defendant's propensity to engage in such behavior. *Grist*, 147 Idaho at 54, 205 P.3d at 1190.

We conclude that the challenged evidence satisfies the relevancy prong of I.R.E. 404(b). The challenged evidence is relevant to show McGrath's motive. The victim in this case was a five-year-old child that was infected with gonorrhea by someone, almost certainly through sexual acts. McGrath, who lived with B.B. and was B.B.'s father figure, also tested positive for gonorrhea. Evidence of something leading or tempting McGrath's mind to indulge in a sexual act with B.B. is evidence of motive. McGrath argues that the challenged evidence is not evidence of motive. Rather, McGrath argues that the evidence is propensity evidence because it only shows that McGrath had a preference for a particular type of pornography. We disagree. The challenged evidence, which specifically involves fathers and stepfathers engaging in sexual acts with daughters and stepdaughters, would lead or tempt McGrath's mind to indulge in sexual acts with his stepdaughter. Thus, the challenged evidence is evidence of McGrath's motive. In addition, McGrath's motive is relevant in this case because it specifically relates to the crime charged and

---

[3]      Although McGrath was not B.B.'s legal stepfather, Barker testified that she and McGrath were essentially engaged and McGrath was B.B.'s father figure. During B.B.'s testimony at trial, she referred to McGrath as "daddy." Because of their close relationship, we refer to B.B. as McGrath's stepfather herein.

5

the relationship between McGrath and the victim. Evidence that McGrath had a motive to perform a sexual act on B.B. made it more probable that McGrath did in fact commit the criminal act in question and was the individual who transmitted gonorrhea to B.B. Accordingly, the challenged evidence was relevant to show McGrath's motive.

The challenged evidence was also relevant to show McGrath's intent. McGrath argues that I.R.E. 404(b) evidence of McGrath's intent is not relevant in this case because he did not put his intent at issue. The State argues that McGrath's claim that his intent is not relevant is without merit because the crime of lewd conduct with a minor child under sixteen is a specific intent crime and the State is required to prove that McGrath committed the crime "with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of such person, such minor child, or third party." I.C. § 18-1508. As such, the State argues that it may present I.R.E. 404(b) evidence of McGrath's intent regardless of whether McGrath puts his intent at issue. We agree with the State. Contrary to McGrath's contention, intent need not be disputed by the defendant in a specific intent case, like the crime charged here, in order to make evidence admissible to prove intent under I.R.E. 404(b). *State v. Ehrlick*, 158 Idaho 900, 915, 354 P.3d 462, 477 (2015). In this case, evidence that McGrath indulged in father-daughter themed pornography is relevant to his intent to have a sexual relationship with his stepdaughter, B.B. *See State v. Rossignol*, 147 Idaho 818, 824, 215 P.3d 538, 544 (Ct. App. 2009) (concluding that incest stories were admissible at trial for sexual abuse as relevant to the defendant's intent and motive to have a sexual relationship with his daughter).

Second, we turn our analysis to I.R.E. 404(b)'s balancing test. Relevant evidence should be excluded only if the probative value is substantially outweighed by the danger of unfair prejudice. *Parmer*, 147 Idaho at 214, 207 P.3d at 190. McGrath argues that, even if the evidence is relevant, any probative value is substantially outweighed by its prejudicial effect. McGrath contends that the challenged evidence was so inflammatory that a reasonable person would be repulsed by McGrath's "taste in pornography" and "[s]uch character evidence plays into the passions and prejudices of the jury." Therefore, McGrath argues that admission of the evidence was highly prejudicial and the district court erred by allowing its admission. In response, the State argues that the district court did not err in conducting the balancing test because the evidence is not unfairly prejudicial. We agree with the State. As discussed above, the challenged evidence is highly probative of McGrath's motive and intent to commit the crime. Although evidence of

6

McGrath searching for and viewing pornography of father figures engaging in sexual acts with their daughters is prejudicial, it is not *unfairly* prejudicial. Moreover, the district court instructed the jury that passions and prejudices should not affect the verdict and that evidence of the defendant's acts other than those charged were not to be considered for character but only for motive and intent. We presume that the jury followed the trial court's instructions. *State v. Carson,* 151 Idaho 713, 718, 264 P.3d 54, 59 (2011). Accordingly, the district court did not abuse its discretion when conducting the balancing test. Thus, we conclude that the district court did not err by admitting the challenged evidence under I.R.E. 404(b).

**B.    Sentences**

McGrath argues that the district court erred by imposing excessive sentences. McGrath concedes that "there is no doubt that the facts of this case were tragic [and] [s]ome significant period of incarceration was called for." Nonetheless, McGrath contends that the district court imposed excessive sentences because it did not appropriately consider the fact that these are McGrath's first felony convictions and the court "seemed" to punish McGrath for exercising his constitutional right to contest the charges and maintain his innocence by concluding "that rehabilitation was not a goal."

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

As noted above, the district court imposed concurrent sentences of life imprisonment with twenty years determinate for lewd conduct with a minor child under sixteen and ten years determinate for injury to a child. The sentences imposed by the district court were not unreasonable. The district court considered the sentencing objectives and the drastic impact that the crimes had on B.B. and L.N. In addition, the district court considered the facts underlying the crimes. When discussing the facts of the crime involving B.B., the district court stated:

> [T]he court heard all of the evidence in that case, and it was unspeakable what you did to that young girl. You violated both girls' trust, and your actions will have a lifelong impact on each of them. A lifelong impact. The repeated nature of the abuse that you inflicted upon each of those girls is unimaginable.

With respect to rehabilitation, the district court stated that the nature of the crimes, the jury's finding of guilt, and the record led it to conclude that rehabilitation was not a "big goal," while recognizing that could "change at some point" if McGrath took the opportunity while incarcerated to figure out why he is "in the place" he is. These comments do not suggest that the district court punished McGrath for exercising his right to trial, but are instead consistent with the appropriate conclusion that rehabilitation requires some acknowledgment of wrongdoing. Finally, contrary to McGrath's assertion, the district court also expressly considered mitigating factors such as McGrath's limited criminal history and support system. However, the district court, after citing to the goals of sentencing, determined that the sentences imposed were appropriate. We agree. Therefore, we conclude that the district court did not abuse its discretion in imposing McGrath's sentences.

### III.

### CONCLUSION

The district court did not err by allowing the State to present the challenged evidence under I.R.E. 404(b) and did not impose excessive sentences. Accordingly, McGrath's judgment of conviction for lewd conduct with a minor child under sixteen and injury to a child is affirmed.

Chief Judge HUSKEY and Judge LORELLO **CONCUR**.

8