**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49127**

| | |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>MOHAMAD ALI B. SALEH AHMAD,<br><br>        Defendant-Appellant. | )<br>)  **Filed:  February 28, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. James Cawthon, District Judge.

Judgment of convictions for sexual abuse of a child under the age of sixteen years and infamous crime against nature, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Mohamad Ali B. Saleh Ahmad appeals from a judgment of conviction for sexual abuse of a child under the age of sixteen years, Idaho Code § 18-1506(1)(d) (2008), and for infamous crime against nature, I.C. §§ 18-6605 (1972), 18-6606 (1972).[1]  Ahmad challenges the sufficiency of the evidence to support the conviction for infamous crime against nature and argues the district court committed fundamental error when instructing the jury regarding sexual abuse of a child.  We affirm.

_____

[1]      Since the State charged Ahmad, the legislature has made various amendments and changes to the statutes under which it charged him.  We apply the versions of the statutes in effect when Ahmad was charged.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In November 2020, the State charged Ahmad with one count of sexual abuse of a child under the age of sixteen years and one count of infamous crime against nature. The case proceeded to a jury trial. During this trial, the State presented evidence showing that Jacinda invited several friends to her apartment, including Ahmad, Marlee, Samantha, and Elizabeth. Later in the evening, Jacinda, Marlee, Samantha, and Elizabeth left the apartment to go swimming. At that time, Marlee left her iPhone at the apartment on the couch. While the others went swimming, Ahmad remained in the apartment with Samantha's twenty-month-old son,[2] L.S., and Jacinda's female dog.

The following day, Marlee discovered numerous photos on her iPhone from the prior evening, which she had not taken. The photos depict Jacinda's living room and include "live" photos, meaning they are "about a two-second video." Many of the photos show Ahmad's exposed, erect penis. Some of the photos include L.S.'s feet and the dog. Other photos show, for example, Ahmad grabbing the dog, lifting her tail, pulling her hindquarters to his lap, and holding her on his lap where his penis was exposed. Marlee testified the photos look like L.S. had taken them.

After discovering the photos, Jacinda contacted the police. When Marlee, Jacinda and Samantha confronted Ahmad, he admitted that he exposed his penis and said that L.S. had been playing on the couch with a phone and that he had taken the phone away from L.S. Samantha, L.S.'s mother, testified that she has an iPhone; L.S. is "very tech-savvy"; and L.S. knows how to work the iPhone, including skipping ads, picking videos, and taking photos.

The jury found Ahmad guilty of both charges, and Ahmad timely appeals.

# II.

## ANALYSIS

### A. Sufficiency of Evidence for Infamous Crime against Nature

Ahmad challenges the sufficiency of evidence to support the jury's finding of guilt for infamous crime against nature. Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon

---

[2] Although the parties and trial witnesses refer to L.S. as a one-year-old, the testimony shows that the conduct giving rise to the charges against Ahmad occurred in September 2020 and that L.S. was born in February 2019, making him approximately twenty-months old at the time.

which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Substantial evidence may exist even when the evidence presented is solely circumstantial or when there is conflicting evidence. *State v. Severson*, 147 Idaho 694, 712, 215 P.3d 414, 432 (2009); *State v. Stevens*, 93 Idaho 48, 50-51, 454 P.2d 945, 947-48 (1969). In fact, even when circumstantial evidence could be interpreted consistently with a finding of innocence, it will be sufficient to uphold a guilty verdict when it also gives rise to reasonable inferences of guilt. *Severson*, 147 Idaho at 712, 215 P.3d at 432; *State v. Slawson*, 124 Idaho 753, 757, 864 P.2d 199, 203 (Ct. App. 1993).

For the jury to find Ahmad guilty of infamous crime against nature, the State was required to prove he sexually penetrated the dog. "Any sexual penetration, however slight, is sufficient to complete the crime against nature." I.C. § 18-6606. On appeal, Ahmad argues "no rational trier of fact could have found [he] penetrated [the dog] beyond a reasonable doubt." Specifically, Ahmad notes the absence of any direct evidence, including witnesses who "personally observed the alleged conduct," exhibits "directly showing" penetration, "medical or veterinarian tests" for the dog, or "signs of blood or other bodily fluids." Further, Ahmad argues "Idaho's appellate courts have not addressed whether photographs that do not directly show an alleged criminal act are sufficient in the absence of any further corroborating evidence."

Although Idaho appellate courts have not addressed the exact issue of whether direct photographic evidence is necessary to support a conviction for infamous crime against nature, the Idaho Supreme Court has previously held that circumstantial evidence of slight penetration is sufficient to support such a conviction. In *State v. Gomez-Alas*, 167 Idaho 857, 477 P.3d 911 (2020), the Court considered whether sufficient evidence supported that Gomez-Alas' tongue penetrated the victim's vaginal opening. *Id.* at 863, 477 P.3d at 917. The Court noted that although

3

there was "no direct evidence" of the act, "a reasonable person could make the inference" based on the circumstantial evidence that the act occurred. *Id.* at 864, 477 P.3d at 918. The Court concluded that "in making this inference, a reasonable jury could easily find penetration beyond a reasonable doubt because the law only requires 'slight penetration' to complete the crime against nature." *Id.*

As in *Gomez-Alas*, a review of the record in this case shows a reasonable person could infer, based on the photos admitted into evidence, that Ahmad sexually penetrated the dog. In making this inference, a reasonable jury could have found beyond a reasonable doubt that Ahmad at least slightly sexually penetrated the dog. Accordingly, we conclude sufficient evidence supports the conviction for infamous crime against nature.

**B.      Fundamental Error in Jury Instruction for Sexual Abuse of a Child**

For the first time on appeal, Ahmad contends the district court erred in instructing the jury that it could convict him under I.C. § 18-1506(1)(d) for sexual abuse of a child under sixteen years for having induced, caused, or permitted L.S. to witness genital-anal touching between Ahmad and the dog. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). When a defendant alleges, however, that a constitutional error occurred at trial and the alleged error was not followed by a contemporaneous objection, the claim of error must be reviewed under the fundamental error doctrine. *State v. Miller*, 165 Idaho 115, 119, 443 P.3d 129, 133 (2019). In order to obtain relief under the fundamental error doctrine, the defendant must demonstrate three things. First, the defendant must show that one or more of the defendant's unwaived constitutional rights were violated. *Id.* Second, the error must be clear and obvious, meaning the record must demonstrate evidence of the error and evidence as to whether or not trial counsel made a tactical decision in failing to object. *Id.* Third, the defendant must demonstrate that the error affected the defendant's substantial rights, which means the error identified in the first and second prongs of the test actually affected the outcome of the trial. *Id.* at 119-20, 443 P.3d at 133-34.

Where the defendant failed to object to a jury instruction before the trial court, as in this case, the jury instruction is reviewed for fundamental error on appeal. *State v. Medina*, 165 Idaho 501, 507, 447 P.3d 949, 955 (2019). The initial inquiry is whether the jury instruction was erroneous at all. *Id.* Whether the jury has been properly instructed is a question of law over which we exercise free review. *Severson*, 147 Idaho at 710, 215 P.3d at 430. When reviewing jury

instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

In relevant part, I.C. § 18-1506(1)(d) provides that "it is a felony for any person eighteen (18) years of age of older, with the intent to gratify the lust, passions, or sexual desire of the actor, minor child or third party to . . . [i]nduce, cause or permit a minor child to witness an act of sexual conduct." "Sexual conduct" in the context of this statute is defined as:

> [H]uman masturbation, sexual intercourse, sadomasochistic abuse, or any touching of the genitals or pubic areas of the human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification.

Idaho Code § 18-1506(4). In this case, the district court instructed the jury, in relevant part, that in order for the jury to find Ahmad guilty of sexual abuse of a child, the State had to prove "[Ahmad] induced, caused or permitted [L.S.] to witness an act of sexual conduct, to wit: where [Ahmad] rubbed his erect penis on the anus and/or genitals of a dog and/or penetrated the anus and/or genitals of a dog."

On appeal, Ahmad argues the district court committed fundamental error by instructing the jury that it could find him guilty of sexual abuse of a child "if [Ahmad] induced, caused, or permitted L.S. to witness genital-anal touching between [Ahmad] and [the] dog as an act of sexual conduct." In support, Ahmad asserts I.C. § 18-1506(4) "does not include genital-anal touching as an act of sexual conduct." This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67.

Contrary to Ahmad's assertion, the plain language of I.C. § 18-1506(4) defines sexual conduct to include the genital-anal touching between a dog and a human. Specifically, the statute defines "sexual conduct" to include "any touching of the genitals . . . of the human male or female . . . between humans and animals in an act of apparent sexual stimulation or gratification."

I.C. § 18-1506(4). Accordingly, the district court did not erroneously instruct the jury, and Ahmad's assertion of fundamental error fails.

## III.
## CONCLUSION

Sufficient evidence supports the conviction for infamous crime against nature, and the district court did not erroneously instruct the jury on the crime of sexual abuse of a minor. Accordingly, we affirm the judgments of conviction for sexual abuse of a child under the age of sixteen years and infamous crime against nature.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.